TAYLOR, Judge.
Willie J. Pruitt’s petition for writ of habeas corpus was dismissed by the circuit court because it was not verified under oath as required. Section 15-21-4, Code of Alabama 1975, provides:
“Application for a writ of habeas corpus must be made by petition, signed either by the party himself for whose benefit it is intended or by some other person on his behalf, must be verified by oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief and must state, in substance, the name of the person on whose behalf the application is made, that he is imprisoned or restrained of his liberty in the county, the place of such imprisonment, if known, the name of the officer or person by whom he is so imprisoned and the cause or pretense of such imprisonment; and, if the imprisonment is by virtue of any warrant, writ or other process, a copy thereof must be annexed to the petition or the petition must allege that a copy thereof has been demanded and refused or must show some sufficient excuse for the failure to demand a copy.” (emphasis ours)
Substantial compliance has been held to be sufficient. Ex parte Corbitt, 468 So.2d 92 (Ala.1985); Rice v. State, 460 So.2d 254 (Ala.Cr.App.1984). The failure to verify a petition for writ of habeas corpus is not a “nicety of pleading” that can be disregarded. Without such a verification there is no evidence before the circuit court. Mead v. State, 449 So.2d 1279 (Ala.Cr.App.1984). The following language was held to be insufficient in O’Such v. State, 423 So.2d 317 (Ala.Cr.App.1982): “I Thomas C. O’Such, hereby declare under penalty of perjury by my signature below....” See also, Barker v. State, 437 So.2d 1375 (Ala. Cr.App.1983). The plain language of the law is that habeas corpus petitions must be verified under oath. This dismissal is due to be affirmed.
AFFIRMED.
All the Judges concur.