The appellant, Michael R. Carson, appeals from his convictions for sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975, and for attempted kidnapping in the second degree, a violation of § 13A-4-2, Codeof Alabama 1975, and § 13A-6-44, Code of Alabama 1975. He was sentenced to 40 years' imprisonment on each conviction; the sentences were to run concurrently.
 I.
The appellant contends that he received ineffective assistance of trial counsel because, he says, counsel failed to file a motion to withdraw his guilty pleas.
The record, however, indicates that the appellant failed to preserve this issue for appellate review. On June 12, 1997, after sentencing proceedings were postponed, the appellant's trial counsel informed the court that the appellant had written a letter asking him to make a motion to withdraw the appellant's guilty pleas. The appellant's trial counsel informed the trial court that he had not discussed the motion with the appellant but indicated that he would do so before the next sentencing hearing. The trial court responded, "If he wants to withdraw his guilty plea, a motion will be filed, I'll take that up." On July 30, 1997, the appellant was sentenced; *Page 248 
he did not make a motion to withdraw the plea. Trial counsel requested leave to withdraw and asked that new counsel be appointed to assist the appellant on appeal. The trial court granted counsel's requests. Shortly after the sentencing hearing, the appellant filed, in each case, a pro se motion to reconsider the sentence, or, in the alternative, a motion to withdraw his guilty plea. The appellant failed to raise an ineffective assistance of trial counsel claim in either motion. Additionally, the appellant's appellate counsel did not raise an ineffective assistance claim in a motion for a new trial. Because the appellant failed to raise his ineffective assistance of trial counsel claim at the trial level, that claim is procedurally barred from appellate review.Eastland v. State, 677 So.2d 1275 (Ala.Cr.App. 1996); and Myersv. State, 677 So.2d 807 (Ala.Cr.App. 1995).
 II.
The appellant contends that his case should be remanded to the trial court to allow it to correct its written sentencing order.
On July 30, 1997, the trial court orally sentenced the appellant to 40 years' imprisonment on each conviction. The trial court ordered that the sentences were to run concurrently. The written sentencing order, however, indicates that the sentences were to run consecutively. Therefore, as the State submits that the written order is erroneous, this case is due to be remanded to the trial court with instructions that it correct its written sentencing order to reflect that the appellant's sentences are to run concurrently. Rule 29, Ala.R.Crim.P. Due return should be filed with this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All judges concur.
 On Return to Remand