We granted Marcus Bailey's petition for a writ of certiorari to determine whether the Court of Criminal Appeals erred in affirming the ruling of the trial court that a notice of appeal mooted Bailey's motion, in effect, for the trial court to correct a Rule 29, Ala.R.Crim.P., "error arising from oversight or omission" in its written sentencing order. We reverse and remand.
Pursuant to a plea agreement, Marcus Bailey pleaded guilty to two counts of unlawful distribution of marijuana in violation of § 13A-12-211, Ala. Code 1975. On June 9, 1998, the trial court sentenced Bailey to 15 years' imprisonment on each count and enhanced his sentence on each count by 10 years' imprisonment because the sales occurred within three miles of a schoolyard (for a five-year enhancement), § 13A-12-250, and within three miles of a public housing project (for another five-year enhancement), § 13A-12-270 — for a total of 25 years' imprisonment on each count. The trial court ordered that the two 25-year sentences run concurrently with each other and with a 25-year sentence Bailey was serving for an attempted-murder conviction.
On July 20, 1998, 41 days after the trial court sentenced Bailey, defense counsel filed a "Motion to Set Aside Plea or in the Alternative to Clarify the Court's Order so that the Department of Corrections Can Properly Reflect it on the Defendant's `Time Sheet'" (hereinafter referred to as the "motion to set aside plea or to clarify order"). In this motion, defense counsel alleged that the Department of Corrections (DOC) interpreted the trial court's written sentencing order improperly to read that each of the two 10-year enhancements was to runconsecutively with each other as well as consecutively with the two concurrent 15-year sentences. On the same day that defense counsel filed the "motion to set aside plea or to clarify order," Bailey filed a pro se notice of appeal. Thus, the trial court dismissed the "motion to set aside plea or to clarify order" as "moot." Upon Bailey's appeal, the Court of Criminal Appeals held, in an unpublished memorandum, that, because defense counsel filed the "motion to set aside plea or to clarify order" more than 30 days after the date of sentencing, the trial court did not have jurisdiction to consider the motion. Bailey v. State, (No. CR-97-2171), 744 So.2d 965 (Ala.Crim.App. 1998) (table). The Court of Criminal Appeals reasoned that Bailey's motion was comparable to a motion for new trial, which must be filed within the 30-day-after-sentence jurisdictional time limit imposed by Rule 24.1(b), Ala.R.Crim.P. We granted Bailey's petition for a writ of certiorari to determine whether the Court of Criminal Appeals erred in addressing only the portion of Bailey's motion seeking to set aside his guilty plea and ignoring the portion of his motion seeking, in the alternative, to clarify the sentencing order.
At the sentencing hearing, the trial court orally sentenced Bailey as follows:
 "In accordance with the State's recommendation, on each of your convictions, *Page 165 
I sentence you to serve 15 years in the state penitentiary, plus an additional five years for the enhancement for the sale having occurred within three miles of a public housing project, plus an additional five years for the sale having occurred within three miles of a public school. That is as to each count, the total sentence is 25 years. And the 25 year sentence under each count will run concurrent with one another, and also concurrent with the sentence you're already serving out of Morgan County."
(R. 14.) Thereafter, the trial court issued a written sentencing order stating:
 "Pursuant to a negotiated plea agreement and upon the State's recommendation, the defendant is sentenced to 15 years in the State Penitentiary of Alabama on each conviction to run concurrent plus each of the 10-year enhancements shown below to run consecutive.
 "In addition the foregoing sentence, the defendant is sentenced to 5 years' imprisonment pursuant to Section 13A-12-250, [Ala.] Code, and to 5 years' imprisonment pursuant to Section 13A-12-270, [Ala.] Code, resulting in a total sentence of 25 years' imprisonment on each conviction.
 "Said sentence is to run concurrent with the case which the defendant is currently serving for attempted murder."
(C.R. 25-26.) DOC interpreted this sentencing order to mean that Bailey serves his two 15-year sentences concurrently and serves his two 10-year enhancements consecutively with each other after his two concurrent 15-year sentences, for a total of 35 years' imprisonment.
The State contends that DOC's interpretation of the sentencing order is correct because "under the plea agreement, each of the four 5-year enhancements would run consecutively." However, there is no written plea agreement to support the State's contention. In fact, the transcript of the guilty plea proceedings refutes the State's contention. Indeed, during the guilty plea proceedings, the prosecutor stated:
 "Your Honor, [Bailey's] going to plead guilty to two of the counts of sale. Not all three that he is charged under. We are going to recommend a sentence of 25 years in each one of those counts, to run concurrent with one another and concurrent with any other sentence he may presently be serving. That 25 years in each count includes two five year enhancements in each count."
(R. 3-4.)
Therefore, the record proves that the parties and the trial court intended for Bailey to receive a 25-year sentence for each conviction and for his sentences for each count to runconcurrently. Although the trial court's oral sentence clearly reflects the sentence the trial court intended to impose, the portion of the trial court's written sentencing order stating, "the defendant is sentenced to 15 years in the State Penitentiary of Alabama on each conviction to run concurrent plus each of the 10- year enhancements shown below to run consecutive," is not as clear. Rule 29, Ala.R.Crim.P., provides:
 "Clerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission
may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court."
(Emphasis added.) A trial court may correct a judgment or order in a manner to speak the truth only, not to change what the trial court originally intended and pronounced. See H. Maddox, AlabamaRules of Criminal Procedure, § 29.1, p. 888 (3d ed. 1999). The Committee Comments to Rule 29 state that, because no time limitations restrict a trial court in making such corrections, the trial court may make such corrections just as the rule states: "[d]uring *Page 166 
the pendency of an appeal or thereafter." The Committee Comments state further that Rule 29 is taken directly from Rule 60(b), Ala.R.Civ.P. Therefore, civil cases involving Rule 60(b) are persuasive in construing the scope of Rule 29. For instance, inContinental Oil Co. v. Williams, 370 So.2d 953, 954-55
(Ala. 1979), this Court stated:
 "The term `clerical errors' is not limited solely to errors by the clerk in transcription. It can also include errors by others, such as a jury foreman, counsel, a party, or the judge himself. When a correction is based upon the recollection of the court it is not subject to contest."
(Emphasis in original.) (Citations omitted.) Applying the rationale of Continental in Ex parte Dollar, 687 So.2d 209 (Ala. 1996), this Court held that a trial court could amend a restitution order 45 days after issuance to include restitution to be paid to a party whom the trial court omitted in its original restitution order.
In a factually similar criminal case, the Court of Criminal Appeals held that, pursuant to Rule 29, the trial court could amend its written sentencing order to reflect its oral sentence that the defendant's 40-year sentences for his convictions for sexual abuse in the first degree and attempted kidnapping in the second degree run concurrently rather than consecutively as the written sentencing order stated. Carson v. State, 716 So.2d 247,248 (Ala.Crim.App. 1998).
Likewise, the trial court in this case had the authority, atany time, even after 30 days following the date of sentencing, to clarify its written sentencing order to show that Bailey is to serve 15 years' imprisonment plus an additional 10 years, pursuant to the schoolyard and public housing enhancement statutes, foreach conviction, and that his sentences for the two convictions are to run concurrently — for a total of 25 years' imprisonment. Consequently, the judgment of the Court of Criminal Appeals is reversed and this cause is remanded for that court to permit the trial court to clarify its written sentencing order consistently with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, and
England, JJ., concur.
Brown, J., recuses herself.*
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.