COBB, Judge.
Darius Chambers appeals the district court’s summary dismissal of his Rule 32, Ala. R. Crim. P., petition. As best we can discern, Chambers’s petition sought post-conviction relief from both his April 17, 1998, conviction for possession of a forged instrument and the February 8, 2002, revocation of his probation.[1] Chambers entered a guilty plea to possession of a forged instrument and was placed on probation. His direct appeal challenging his conviction for possession of a forged instrument was affirmed by an unpublished memorandum. Chambers v. State (CR-97-1575), 744 So.2d 960 (Ala.Crim.App.1998) (table), and the certificate of judg *17 ment was issued on October 20, 1998. Chambers’s probation was revoked on October 26, 2001. His appeal from the revocation of his probation was affirmed. Chambers v. State (CR-01-1047, August 9, 2002), 868 So.2d 483 (Ala.Crim.App.2002) (table). The certificate of judgment was issued on August 27, 2002. The instant petition was filed on March 18, 2003.
On the checklist provided on the Rule 32, Ala. R. Crim. P., form, Chambers checked the following as possible grounds in support of his petition: 1) “the Constitution of the United States or the State of Alabama requires a new trial”; 2) “[cjon-viction obtained by a violation of the protection against double jeopardy”; 3) “[d]e-nial of effective assistance of counsel”; 4) “[t]he court was without jurisdiction to render the judgment or to impose the sentence” because Chambers was not given notice that his sentence for possession of a forged instrument would be enhanced under the Habitual Felony Offender Act;[2] 5) “[t]he sentence imposed exceeds the maximum allowed by law” because Chambers should have been sentenced as a first-time offender; 6) “[pjetitioner is being held in custody after his sentence has expired”; and 7) “[njewly discovered material facts exist which require that the conviction or sentence be vacated.” In the memorandum in support of his petition, Chambers asserted the following: 1) that Chambers was not allowed to call witnesses at his probation-revocation hearing; 2) that Chambers’s attorney did not interview him or visit him before the probation-revocation hearing; 3) that the record incorrectly reflects that Richard Izzi was appointed to represent Chambers at his revocation hearing; and 4) that Chambers did not agree to the term of probation imposed. A second petition, also dated March 18, 2003, which is identical to the original petition, is also included in the record. However, attached to this petition is an “addendum to Rule 32 petition.” (C.R. 43.) In the addendum Chambers asserted: 1) that the State did not give notice that it would seek to impose the Habitual Felony Offender Act; 2) that Chambers should be sentenced as a first-time offender, and, thus, that his 15-year sentence[3] exceeds a lawful sentence; 3) that the State did not prove that Chambers was represented by an attorney in his prior conviction; 4) that a jury did not hear evidence of his prior convictions, in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and 5) that the record is devoid of certified copies of alleged prior convictions.
The circuit court treated Chambers’s petition as challenging convictions in case no. DC-97-8419 (second-degree theft of property) and case no. DC-98-1450 (second-degree possession of a forged instrument), and without answer from the State, entered a judgment on the case action summary sheet in both cases stating: “3/31/03. The new rule 32 which has been filed has been considered and reviewed and is Denied.” (C.R. 1 and 10.)[4]
*18 On appeal Chambers contends that the circuit court erred in summarily dismissing his Rule 32 petition before receiving a response from the State; erred in summarily dismissing his petition without making written findings of fact; and erred in summarily dismissing his petition because his claim that his probation was revoked absent the record reflecting he was advised of the rules governing supervised probation had merit.
“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). “If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App.1987).” Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App.1999).
By accepting the petition as a challenge to both case no. DC-97-8419 and case no. DC-98-1450, the circuit court permitted Chambers to challenge multiple convictions in a single Rule 32 petition. Rule 32.1, Ala. R. Crim. P., as amended August 1, 2002, requires the dismissal without prejudice of a petition challenging “multiple judgments entered in more than a single trial or guilty-plea proceeding.”[5] Thus, because the face of the petition stated that Chambers was challenging his conviction for possession of a forged instrument (DC-98-1450),[6] the circuit court must vacate its ruling as to the convictions for second-degree theft of property (DC-97-8419).
Likewise, Chambers’s arguments pertaining to the revocation of his probation cannot be presented in the instant Rule 32 petition, which purported[7] to challenge his conviction and sentence for possession of a forged instrument. Thus, these arguments are not properly before this Court and will not be addressed. A challenge to the revocation of his probation should be presented in a separate Rule 32, Ala. R. Crim. P., petition. See Rule 32.1, Ala. R. Crim. P.
We find as follows regarding the claims raised by Chambers on appeal that are properly before us.
The circuit court need not require a response from the district attorney before it denies a Rule 32 petition. *19 attorney.’ Bishop v. State, 608 So.2d 345 (Ala.1992) (quoting Bishop v. State, 592 So.2d 664, 667 (Ala.Cr.App.1991) (Bowen, J., dissenting)).”
*18 “ “Where a simple reading of the petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district
*19 Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App.1992); see Rule 32.7(d), Ala. R. Crim. P. Here, none of the claims presented in Chambers’s petition or the addendum to his petition was pleaded with any specificity. The claims were clearly bare allegations, unsupported by any factual basis; accordingly, the claims failed to satisfy either the pleading requirements of Rule 32.3, Ala. R. Crim. P., or the specificity requirements of Rule 32.6(b), Ala. R. Crim. P. In particular, there was no indication that Chambers was improperly sentenced as a habitual felon[8] or that his sentence exceeds the maximum sentence allowed by law. Thus, summary dismissal of Chambers’s petition was appropriate. Moreover, the record reflects that the claims, as best we can discern them, do not impugn the jurisdiction of the court to render judgment or impose sentence. Instead, the record reflects that the claims were viable at trial, but were not raised at trial or on appeal. Thus, they are precluded from review by Rule 32.2(a)(3) and (5), Ala. R. Crim. P. Kuk v. State, 602 So.2d 1213 (Ala.Crim.App.1992).
Chambers contends that the trial court failed to issue specific findings of fact concerning the dismissal of his petition. Rule 32.9(d), Ala. R. Crim. P., requires the circuit court to make specific findings of fact only after an evidentiary hearing or the receipt of affidavits in lieu of a hearing.
Chambers claims that the trial court erred in summarily dismissing his petition because, he says, his allegation that his probation was revoked absent the record’s reflecting he was advised of the rules governing supervised probation had merit. As stated above, this claim is not properly before this Court. Moreover, we note that this claim was raised for the first time on appeal. The new claims that petitioner presents for the first time on appeal are not properly before us. See Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App.1997)(holding that “[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition”).
For the foregoing reasons, the circuit court’s summary dismissal of Chambers’s Rule 32, Ala. R.Crim. P., petition as it challenges Chambers’s conviction and sentence in DC-98-1450 is affirmed. However, this case is remanded with directions to the trial court to vacate its judgment summarily dismissing Chambers’s Rule 32, Ala. R. Crim. P., in case DC-97-8419, as that case was not challenged in Chambers’s petition.
AFFIRMED IN PART; REMANDED WITH DIRECTIONS. 
*20 McMILLAN, P.J., and SHAW and WISE, JJ., concur; BASCHAB, J., concurs in the result.

. Chambers received split sentences following an August 1997 conviction for second-degree theft of property (DC-97-8419), and an April 1998 conviction for second-degree possession of a forged instrument (DC-98-1450). Each sentence provided for a five-year probationary period to follow the portion of the sentence requiring incarceration. Probation in both cases was revoked on February 8, 2002.

. Chambers added a notation on the form next to the grounds 4 and 5 listed here to apprise the' court of his specific complaint.

. Chambers received a 15-year split sentence after his conviction for possession of a forged instrument. He received a 10-year split sentence after his conviction for theft of property.

.The circuit court's reference to the "new” Rule 32 petition appears to be a reference to the petition filed with the addendum to the Rule 32 petition.

. "A petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice.” Rule 32.1, Ala. R. Crim. P., as amended August 1, 2002.

. The face of Chambers's petition reflects that Chambers was challenging convictions in case no. DC-97-8419 (second-degree theft of property) and case no. DC-98-1450 (second-degree possession of a forged instrument). However, Chambers also stated on the face of the petition that the "[njature of the offense involved (all counts)” was merely "criminal possession of a forged instrument (second degree.)” (C.R. 21 and C.R. 35).

.In particular, the addendum to his original petition, which the circuit court considered to be Chambers’s "new” petition and the petition it appears the circuit court reviewed, appears to challenge only Chambers’s conviction and sentence for possession of a forged instrument.

. The Court of Criminal Appeals can take judicial notice of its own records. Ex parte Salter, 520 So.2d 213, 216 (Ala.Crim.App.1987). This Court's unpublished memorandum affirming Chambers’s conviction for second-degree criminal possession of a forged instrument, Chambers v. State, 744 So.2d 960 (Ala.Crim.App.1998)(table), reflects that Chambers was sentenced as a habitual felon with three prior felony convictions. Nothing in Chambers's Rule 32, Ala. R. Crim. P., petition suggests otherwise.