SMITH, Justice.
Jackie Collins petitioned this Court for a writ of certiorari to review whether the Court of Criminal Appeals erred in affirming the trial court’s dismissal of his petition for a writ of certiorari filed in the Montgomery Circuit Court. We granted certiorari review. For the reasons discussed below, we reverse the judgment of the Court of Criminal Appeals.

*49
I.Facts and Procedural History

In June 2009, Collins, an inmate at the Limestone Correctional Facility, filed a petition for a writ of certiorari with the Montgomery Circuit Court challenging his custody reclassification by the Alabama Department of Corrections (“the DOC”). Collins specifically alleged that in altering his classification status the DOC denied him his due-process rights. In response, the DOC filed a “motion to dismiss, or in the alternative, motion for summary judgment,” contending that the petition was due to be dismissed because, it said, Collins did not have a liberty interest in a particular custody classification. The circuit court granted the DOC’s motion stating in its order that “[a]n inmate does not have a liberty interest in a particular classification” and that “[Collins’s] classification is appropriate according to [the DOC’s] rules and regulations.”
Collins then appealed that judgment to the Court of Criminal Appeals. That court affirmed the circuit court’s judgment, by an unpublished opinion. See Collins v. Alabama Dep’t of Corr., (No. CR-09-0529, May 7, 2010) 77 So.3d 631 (Ala.Crim.App.2010) (table). Collins petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals’ affirmance of the judgment of the circuit court. We granted Collins’s petition to address whether the decision of the Court of Criminal Appeals conflicts with Smith v. State, 918 So.2d 141, 147 (Ala.Crim.App.2005).

II.Standard of Review

“ ‘This Court reviews pure questions of law in criminal cases de novo.’ ” Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).

III.Discussion

In affirming the circuit court’s dismissal of Collins’s petition, the Court of Criminal Appeals, in its unpublished memorandum, stated: “Because [Collins’s] petition for a writ of certiorari was not verified, his case was not properly commenced, and there is not anything before this court for our review. See, e.g., Ex parte Ackles, 840 So.2d 145 (Ala.2002). Accordingly, we affirm the circuit court’s judgment.” This conclusion is based upon § 6-6-640(a), Ala.Code 1975, which provides:
“All applications for mandamus, prohibition, certiorari, or other remedial writ of a supervisory nature shall be commenced by a petition, verified by affidavit, in which the facts shall be stated as briefly and succinctly as the case will admit of, and any defendant may answer as to all such matters as may be necessary to his defense; any of the pleadings in such proceedings may be amended as often as occasion may require to attain the ends of justice and by striking out parties and adding new parties; and upon the issues thus presented, the court shall award the relief, if any, to which the petitioner is entitled.”[1]
Further, the Court of Criminal Appeals in its memorandum cites Ex parte Ackles, 840 So.2d 145 (Ala.2002), in which this Court denied a petition seeking a writ of mandamus instructing a circuit court to vacate its dismissal of a petition for a writ of mandamus “on the ground that the petition for a writ of mandamus filed in the *50 ... Circuit Court was not verified by affidavit as required by § 6-6-640(a), Ala. Code 1975.” 840 So.2d at 146.
The Court of Criminal Appeals sua sponte raised the issue whether Collins had verified his petition for a writ of cer-tiorari filed in the circuit court; the DOC did not raise this issue in the circuit court. Therefore, the Court of Criminal Appeals implicitly treated the verification requirement in § 6-6-640(a), Ala.Code 1975, as a jurisdictional requirement that could be raised at any time. See generally Ex parte V.S., 918 So.2d 908, 912 (Ala.2005) (“It is well settled that lack of subject-matter jurisdiction can be raised at any time by the parties or by the court ex mero motu.”); Waite v. Waite, 959 So.2d 610, 612-13 (Ala.2006) (holding that affirmative defenses that are not jurisdictional in nature may not be raised sua sponte by an appellate court). In sum, the Court of Criminal Appeals affirmed the circuit court’s dismissal of Collins’s petition on the ground that Collins’s failure to verify his petition for a remedial writ in accordance with § 6-6-640(a), Ala.Code 1975, deprived the circuit court of subject-matter jurisdiction to entertain the petition.
Collins contends that the Court of Criminal Appeals’ implicit holding that the verification requirement in § 6-6-640(a), Ala. Code 1975, is a jurisdictional requirement conflicts with that court’s decision in Smith v. State, 918 So.2d 141 (Ala.Crim.App.2005). In Smith, the Court of Criminal Appeals addressed whether a petitioner’s failure to verify a Rule 32, Ala. R.Crim. P., petition for postconviction relief constitutes a jurisdictional defect. In language similar to § 6-6-640(a), Rule 32.6(a), Ala. R.Crim. P., states, in part:
“A proceeding under [Rule 32, Ala. R.Crim. P.,] is commenced by filing a petition, verified by the petitioner or the petitioner’s attorney, with the clerk of the court. A petition may be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c)). The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form.... ”
In Smith the Court of Criminal Appeals held that “proper verification of a Rule 32 petition, although required by Rule 32.6(a), is not a jurisdictional prerequisite to the filing of the petition and, accordingly, that the lack of proper verification does not deprive the circuit court of subject-matter jurisdiction of a Rule 32 petition.” 918 So.2d at 154. That court explained that “the verification requirement is more appropriately a matter of form, the omission or inadequacy of which amounts to an irregularity that is subject to cure by a proper and timely amendment, and may be waived by the State if not properly raised.” Smith, 918 So.2d at 153. In reaching this conclusion, the Court of Criminals Appeals considered Alabama caselaw holding that the verification requirement for a petition for a writ of habe-as corpus set out in § 15-21-4, Ala.Code 1975, is not a jurisdictional prerequisite.[2] *51 See Smith, 918 So.2d at 146 (citing 29 Ala. Digest 2d Habeas Corpus § 673 (2002)). Further, the Court of Criminal Appeals noted in Smith that “[i]t appears to be the general rule ... that, even when verification of a civil pleading is required by law, in the absence of a clear indication to the contrary, it is not treated as an indispensable part of the pleading so that the lack of verification must be deemed to vitiate a court’s subject-matter jurisdiction.” 918 So.2d at 147 (quoting 61B Am.Jur.2d Pleading § 888 (1999) for the proposition that “Verification of a pleading is not a jurisdictional requirement, and want of verification is not a jurisdictional defect”).
The DOC contends that the decision of the Court of Criminal Appeals to affirm the circuit court’s dismissal of Collins’s petition does not conflict with Smith because, it says, “the language requiring verification in Alabama Code [1975,] § 6-6-640, construed in Ackles, is stronger than the language in Rule 32.6, [Ala. R.Crim. P.,] which was construed in Smith.” The DOC’s brief, at p. 9 (emphasis original). Specifically, the DOC contends that § 6-6-640(a) “connotes a more stringent requirement,” because, it reasons, § 6-6-640(a) includes the mandatory language that remedial writs “shall be commenced by a petition, verified by affidavit,” whereas Rule 32.6, Ala. R.Crim. P., states that “[a] proceeding under [Rule 32, Ala. R.Crim. P.,] is commenced by filing a petition, verified by the petitioner or the petitioner’s attorney.” (Emphasis added.) We see no merit to the DOC’s contentions that the difference between the language of § 6-6-640(a) and Rule 32.6(a), Ala. R.Crim. P., renders the general holding in Smith— that the requirement that a pleading be verified is not jurisdictional in nature— inapplicable to the present case.
Additionally, in Ex parte Ackles this Court did not specifically discuss the issue whether proper verification of a petition for a remedial writ under § 6-6-640(a), Ala.Code 1975, is a jurisdictional prerequisite. In that case, an inmate petitioned this Court for a writ of mandamus directing the circuit court to vacate its dismissal of the inmate’s petition for a writ of mandamus filed in the circuit court. 840 So.2d at 146. As stated earlier, this Court denied the inmate’s petition “on the ground that the petition for a writ of mandamus filed in the ... Circuit Court was not verified by affidavit as required by § 6-6-640(a), Ala.Code 1975.” Ex parte Ackles, 840 So.2d at 146. This Court’s decision in Ex parte Ackles does not state whether, in the circuit court, the respondent party challenged the inmate’s petition on the basis that it was not verified by affidavit. Therefore, we do not know whether this Court sua sponte raised the lack of verification as a jurisdictional prerequisite. Nevertheless, the DOC contends that “to the extent that Smith, a Court of Criminal Appeals opinion, is in conflict with this Court’s opinion in Ackles, it is Smith that must [be] overruled and not Ackles.” The DOC’s brief, at p. 10.
After this Court’s decision in Ex parte Ackles and the Court of Criminal Appeals’ decision in Smith, this Court, in Ex parte Seymour, 946 So.2d 536 (Ala.2006), held that a conviction based upon an indictment that omitted an element of offense was not void for lack of subject-matter jurisdiction. See Ex parte Sey *52 mour, 946 So.2d at 538. In so holding, this Court explained that “[s]ubject-matter jurisdiction concerns a court’s power to decide certain types of cases.” Ex parte Seymour, 946 So.2d at 538. Further, “[a court’s] power is derived from the Alabama Constitution and the Alabama Code.” Id. (citing United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). Therefore, whether a circuit court has subject-matter jurisdiction over a case is determined by inquiring as to whether the circuit court has the requisite constitutional or statutory authority over the case. See id.'
The Alabama Constitution provides that the circuit court has original jurisdiction over all cases, except as limited by the legislature.
“In December 1973, the citizens of this state ratified a constitutional amendment revising the entire Judicial Article (Article VI) of the Alabama Constitution of 1901. See Annotations to Ala. Const. amend. 328. This amendment ‘mandated a unified [judicial] system,’ Cowin Equipment Co. v. Robison Mining Co., 342 So.2d 910, 912 (Ala.1977), ‘consisting] of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law.’ Ala. Const. amend. 328, § 6.01(a) (emphasis added).”
Henderson v. State, 616 So.2d 406, 407-08 (Ala.Crim.App.1993). Article VI, § 142, Ala. Const, of 1901 (Off.Recomp.) (formerly § 6.04, Amend. No. 328), further sets out the basic jurisdiction of the circuit court, as follows:
“The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law. The circuit court may be authorized to review decisions of state administrative agencies and decisions of inferior courts. It shall have authority to issue such writs as may be necessary or appropriate to effectuate its powers, and shall have such other powers as may be provided by law.”
(Emphasis added.) The legislature, in § 41-22-20, Ala.Code 1975, utilized this section of the Alabama Constitution to authorize judicial review by the circuit court of final decisions of administrative agencies. Specifically, § 41-22-20, Ala.Code 1975, provides that “[a] person who has exhausted all administrative remedies available within the agency” may seek judicial review of a administrative decision by filing a petition for a writ of certiorari
“in the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party[,] other than an intervenor, resides or if a party, other than an intervenor, is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of the registered office or principal place of business within this state.”
§ 41-22-20(a) and (b), Ala.Code 1975. Section 41-22-20(h), Ala.Code 1975, further provides:
“The petition for review shall name the agency as respondent and shall contain a concise statement of:
“(1) The nature of the agency action which is the subject of the petition;
“(2) The particular agency action appealed from;
“(3) The facts and law on which jurisdiction and venue are based;
*53 “(4) The grounds on which relief is sought; and
“(5) The relief sought.”
Notably, the requirement that the petition for the writ of certiorari filed in the circuit court be verified by affidavit is found in § 6-6-640, not § 41-22-20.
We hold that the verification requirement in § 6-6-640(a), Ala.Code 1975, for petitions for writs of mandamus, prohibition, certiorari, or other remedial writs is purely a procedural requirement, not a jurisdictional requirement, because the verification of the petition does not limit the power of the circuit court to adjudicate the petition. If the respondent to the petition properly raises the verification requirement in the circuit court, the petition “may be amended as often as occasion may require to attain the ends of justice....” § 6-6-640(a), Ala.Code 1975. However, if the respondent does not properly raise the verification requirement in the circuit court, that issue is waived.
Here, Collins’s petition for a writ of certiorari was properly within the subject-matter jurisdiction of the circuit court, and Collins’s failure to verify the petition by affidavit could not deprive the circuit court or the Court of Criminal Appeals of the power to adjudicate the case. See Ex parte Seymour, 946 So.2d at 538. Accordingly, the Court of Criminal Appeals erred in concluding that, because Collins had not verified his petition for certiorari review, “his case was not properly commenced, and there is not anything before this court for our review.” To the extent that Ex parte Ackles is inconsistent with our holding today, that case is hereby overruled.

Conclusion

For these reasons, we reverse the judgment of the Court of Criminal Appeals and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.*
COBB, C.J., and LYONS, WOODALL, STUART, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.

. Notably, although § 6-6-640, Ala.Code 1975, is not listed in Appendix II to the Alabama Rules of Appellate Procedure among the statutes superseded by the Alabama Rules of Appellate Procedure, this Court has held that a petition for a writ of mandamus filed in an appellate court need not be verified. See Ex parte Johnson, 485 So.2d 1098, 1106 (Ala.1986) ("[W]e hold that the verification requirement of § 6-6-640 does not apply as to mandamus petitions governed by the Alabama Rules of Appellate Procedure....").

. Section 15-21-4, Ala.Code 1975, provides:
"Application for a writ of habeas corpus must be made by petition, signed either by the party himself for whose benefit it is intended or by some other person on his behalf, must be verified by the oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief and must state, in substance, the name of the person on whose behalf the application is made, that he is imprisoned or restrained of his liberty in the county, the place of such imprisonment, if known, the name of the *51 officer or person by whom he is so imprisoned and the cause or pretense of such imprisonment; and, if the imprisonment is by virtue of any warrant, writ or other process, a copy thereof must be annexed to the petition or the petition must allege that a copy thereof has been demanded and refused or must show some sufficient excuse for the failure to demand a copy.”

 Note from the reporter of decisions: On August 19, 2011, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion (CR-09-0529). On September 9, 2011, that court denied rehearing, without opinion. On November 10, 2011, the Supreme Court denied certiorari review, without opinion (1101533).