LYONS, Justice.
Lee M. Collier filed in the trial court a motion pursuant to Rule 29, Ala. R.Crim. P., that he entitled “Motion to Correct Clerical Error in Calculation of Credit Toward Sentence for Time Spent Incarcerated Pending Trial.” The trial court summarily denied the motion without requiring a response from the State. Collier appealed. The Court of Criminal Appeals treated Collier’s motion as a petition for a writ of habeas corpus, and it affirmed the judgment of the trial court on the basis that Collier did not verify his petition and therefore did not properly commence his action. Collier v. State (No. CR-09-0657, May 21, 2010), — So.3d-(Ala.Crim. App.2010) (table). Collier then petitioned this Court for certiorari review. We granted Collier’s petition to review two issues: (1) whether a motion to correct a clerical error in the calculation of pretrial-incarceration credit should be treated as a petition for a writ of habeas corpus, and, if so, (2) whether the Court of Criminal Appeals’ conclusion that Collier’s petition was defective because it was not verified conflicts with Smith v. State, 918 So.2d 141, 154 (Ala.Crim.App.2005). We affirm.
Collier alleged in his motion that he was entitled to 231 days’ credit in each of 6 cases based upon his incarceration before he pleaded guilty to and was convicted of first-degree burglary, first-degree receiving stolen property, breaking and entering a vehicle, attempted theft of property, third-degree burglary, and first-degree theft of property. Collier signed his motion but did not verify under oath that the statements in it were true to the best of his knowledge, information, and belief.
Citing Breach v. State, 687 So.2d 1257 (Ala.Crim.App.1996), and Swicegood v. State, 646 So.2d 158 (Ala.Crim.App. 1993), the Court of Criminal Appeals, in an unpublished memorandum, treated Collier’s motion as a petition for a writ of habeas corpus because, it said, “a writ of habeas corpus is the proper method by which to review whether the State has properly calculated an inmate’s jail credit.” The Court of Criminal Appeals pointed out that § 15-21-4, Ala.Code 1975, provides that a petition for a writ of habeas corpus “ ‘must be verified by the oath of the appellant to the effect that the statements therein contained are true to the best of his knowledge, information and belief.’” The court held:
“ ‘The failure to verify a petition for writ of habeas corpus is not a “nicety of pleading” that can be disregarded.’ Pruitt v. State, 509 So.2d 258, 259 (Ala. Crim.App.1987)- Because Collier did not verify his petition, he did not properly commence his action, and there was no evidence before the circuit court.”
We first address whether a motion to correct a clerical error in the calculation of pretrial-incarceration credit should be treated as a motion pursuant to Rule 29, Ala. R.Crim. P., or as a petition for a writ of habeas corpus. This issue presents a material question of first impression requiring decision by this Court.
Rule 29 states:
“Clerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, *1047 such mistakes may be so corrected by the trial court.”
Collier argues that the Court of Criminal Appeals relied upon outdated law when it treated his Rule 29 motion as a petition for a writ of habeas corpus. Collier acknowledges that Boutwell v. State, 488 So.2d 38 (Ala.Crim.App.1986), and its progeny hold that the proper way for an inmate to challenge the calculation of his or her pretrial-incarceration credit is by a petition for a writ of habeas corpus, but, he argues, those cases no longer apply because they were decided before Rule 29, Ala. R.Crim. P., was adopted. With the adoption of Rule 29, Collier argues, this Court established a procedure by which a defendant claiming that a clerical error occurred in the trial court could seek to have that error corrected. Collier argues that §§ 15-21-1 through -34, Ala.Code 1975, dealing with habeas corpus petitions apply only if this Court has not adopted a different procedure. Collier maintains that the adoption of Rule 29 by this Court displaced the use of a habeas corpus petition to correct errors made by the trial court in calculating a sentence and that a motion pursuant to Rule 29, rather than a petition for a writ of habeas corpus, is the proper avenue for an inmate to challenge the sentencing court’s calculation of the time spent incarcerated pending trial.
In response, the State maintains that a petition for a writ of habeas corpus continues to be the proper avenue for a defendant who questions his or her pretrial-incarceration credit.
“It is well established that a petition for writ of habeas corpus is the proper procedure to determine whether the appellant has been credited with the correct amount of actual time spent incarcerated pending trial for the offense for which he was eventually sentenced. See, e.g., Hardy v. State, 534 So.2d 328 (Ala.Cr.App.1988); Smith v. State, 504 So.2d 1224 (Ala.Cr.App.1987); Boutwell v. State, 488 So.2d 33 (Ala.Cr.App.1986).”
Taunton v. State, 562 So.2d 614, 614 (Ala. Crim.App.1989). That holding has been consistently reaffirmed by the Court of Criminal Appeals. See, e.g., Sundberg v. Thomas, 13 So.3d 43 (Ala.Crim.App.2009); Culbreth v. State, 966 So.2d 912 (Ala.Crim. App.2007); and Ware v. State, 807 So.2d 594 (Ala.Crim.App.2001). Neither this Court nor the Court of Criminal Appeals has considered the specific question Collier raises — whether a motion under Rule 29 has superseded a petition for a writ of habeas corpus as the proper vehicle for challenging the calculation of pretrial-incarceration credit.
Credit for incarceration before trial is authorized by § 15-18-5, Ala.Code 1975, which provides:
“Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.”
The State explains this process in its brief:
“The case at bar illustrates what actually happens in this credit calculation. The form sentencing orders here (there are several convictions) simply state that the defendant is to ‘be credited with all of his actual time spent incarcerated in the Jefferson County jail pending trial of this cause unless he was serving time on another offense.’ There is no mention in the orders of the actual number of days for which credit is given. The actual credit of jail time, calculated by *1048 the clerk under the statute, is shown in the printed case action summary.”
State’s brief, p. 8 (record citations omitted).
This Court has held that the function of Rule 29 is to allow for the correction of strictly clerical errors or, put another way, for the correction of the record to reflect, but not to change, what was originally intended. Ex parte Bailey, 778 So.2d 163, 165 (Ala.2000) (“A trial court may correct a judgment or order in a manner to speak the truth only, not to change what the trial court originally intended and pronounced. See H. Maddox, Alabama Rules of Criminal Procedure, § 29.1, p. 888 (3d ed.1999).”). Rule 29 was taken from Rule 60(a), Ala. R. Civ. P. See Committee Comments to Rule 29, Ala. R.Crim. P.
The State argues that a motion under Rule 29 is an inappropriate vehicle for correcting alleged errors in the computation of credit for pretrial incarceration for two reasons. First, the State says, the type of clerical errors contemplated by Rule 29 does not include many of the errors that can arise in the calculation of pretrial-incarceration credit:
“Rule 29 covers only mistakes in recording what was intended. Under Section 15-18-5 the recording is by the circuit clerk, who then certifies this number to the Department of Corrections for application to the particular sentence. The only mistakes in credit that would come within Rule 29 would be where the circuit clerk calculated the credit but recorded the wrong number by mistake, or the Department of Corrections received a certification showing the correct number but was incorrect in entering that number into its record.”
State’s brief, p. 9. Second, the State says, many errors in calculating pretrial-incarceration credit that would be subject to correction under Rule 29 could be made by persons whose mistakes are not subject to correction by applying Rule 29. This Court has held that Rule 29 covers errors made not only by a clerk, but also by others, including a lawyer or a judge. Bailey, 778 So.2d at 166. However, the State says, Rule 29 does not apply to records other than judicial-system records. The number of days of pretrial-incarceration credit to which a defendant is entitled is certified by the circuit clerk or the district clerk for the Department of Corrections’ use in its custody of the defendant, and, if an error occurs in the records of the Department of Corrections, Rule 29 would not be available to correct it.
Collier relies on then Justice Maddox’s dissent in Taunton v. State, 562 So.2d 615 (Ala.1990), to support his argument. In Taunton, Collier says, the question before the Court was whether a habeas corpus petition was the proper method for a petitioner to challenge his pretrial-incarceration credit in light of the newly adopted Temporary Rule 20 (now Rule 32), Ala. R.Crim. P. Justice Maddox stated that because the petition in Taunton was filed after the effective date of Temporary Rule 20, the temporary rule should govern instead of Boutwell and its progeny. Justice Maddox stated that the statutory procedure for habeas corpus relief should apply only if this Court has not adopted a contrary procedure, quoting § 15-1-1, Ala. Code 1975: “ ‘Any provisions of this title shall apply only if the procedural subject matter is not governed by rules of practice and procedure adopted by the supreme court of Alabama.’” 562 So.2d at 618 (Maddox, J., dissenting). The State argues that using Rule 29 as a means to challenge pretrial-incarceration credit would reduce the scope of the relief available to a defendant by reducing the types of errors about which a defendant could complain. The writ of habeas corpus is *1049 constitutional in origin, see Art. 1, § 17, Ala. Const. 1901; therefore, the State argues, this Court has no authority to limit its scope.
We agree with the State that Rule 29 did not supersede the use of a petition for a writ of habeas corpus to challenge pretrial-incarceration credit. It is clear from Collier’s motion that he does not challenge an improper recording of the credit to which he claims he is entitled but, instead, challenges the actual calculation of the number of days recorded on the forms. Collier pleaded guilty to and was convicted of six charges. He was sentenced to 20 years’ imprisonment on each charge, with 5 years to be served and the remaining 15 years of each suspended. The case-action-summary sheets regarding Collier’s various charges reflect that he was given 126 days’ credit for the time spent incarcerated for the first 3 charges, 64 days’ credit for the next 2 charges, and 62 days’ credit for the final charge. His motion states:
“Collier argues that the time credited to his sentences for time spent incarcerated pending trial has been improperly calculated. Collier was arrested on these eases on June 8, 2006, and he was sentenced on January 23, 2007. Thus, Collier was incarcerated pending trial for these offenses for a total of 231 days.”
(Emphasis added.) Collier does not allege that the number of days arrived at as a result of the calculation was thereafter incorrectly recorded. Because he is not seeking the correction of a true clerical error, Rule 29 does not apply, and the Court of Criminal Appeals properly treated his motion as a petition for a writ of habeas corpus.
We next address Collier’s argument that the Court of Criminal Appeals’ conclusion that his petition was defective because it was not verified conflicts with Smith v. State, supra, in which the Court of Criminal Appeals held that proper verification of a Rule 32, Ala. R.Crim. P., petition is not a jurisdictional prerequisite to the filing of the petition and that the lack of verification does not deprive a circuit court of subject-matter jurisdiction of a Rule 32 petition. In deciding Smith, the Court of Criminal Appeals considered caselaw holding that the verification requirement for a petition for a writ of habe-as corpus is not a jurisdictional prerequisite to the filing of that petition. The Smith court stated:
“Although § 15-21-4, Ala.Code 1975, provides that a petition for a writ of habeas corpus ‘must be verified by the oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief,’ this mandatory verification requirement has not been interpreted to be a jurisdictional prerequisite. Instead, it is well established in Alabama that the failure to verify a habeas corpus petition constitutes a pleading defect that warrants dismissal of the petition for failure to state a proper claim for relief. See the cases collected at 29 Ala. Digest 2d Habeas Corpus § 673 (2002). This Court has held that niceties of pleading are not favored in statutory habeas proceedings; however, under our case-law, the failure to verify a habeas corpus petition is not considered a mere nicety of pleading that should be disregarded. Instead, a habeas corpus petition that is not properly verified is subject to be dismissed, without prejudice to refile, and that dismissal is subject to affirmance on appeal. In short, an unverified petition for a writ of ha-beas corpus, although considered to be insufficiently pleaded, is not treated as jurisdictionally defective.”
*1050 918 So.2d at 146 (emphasis added). We agree with the conclusion as to the absence of a jurisdictional defect as expressed in Smith. Although Collier’s failure to verify his petition does not mandate its dismissal on jurisdictional grounds, it was subject to dismissal on the basis that it was not sufficiently pleaded.[1]
Finally, Collier contends that the State waived the issue of verification, in that it did not object in the trial court to his failure to verify the petition for a writ of habeas corpus. Therefore, Collier argues, the trial court improperly dismissed his petition and the Court of Criminal Appeals improperly affirmed the judgment of dismissal.
The State argues that cases from the Court of Criminal Appeals and from this Court clearly hold that verification of a habeas corpus petition is not considered a “nicety of pleading” and that an unverified habeas corpus petition is properly dismissed by the trial court on the basis that it is inadequately pleaded even if the State does not object. See, e.g., Gibson v. State, 44 Ala. 17 (1870) (a petitioner for a writ of habeas corpus must verify that the allegations in the petition are true to the best of his or her knowledge, information, and belief); Roberts v. State, 516 So.2d 936 (Ala. Crim.App.1987) (a petition for writ of habeas corpus that was not properly verified was properly dismissed); and Martin v. State, 449 So.2d 801, 801 (Ala.Crim.App. 1984) (“Although the State’s motion to dismiss failed to allege any grounds which would support the dismissal of Martin’s petition, a dismissal was warranted because the petition was not properly verified.”). To the extent that the foregoing cases support the view that the absence of verification is a basis for dismissal even when the State does not object, they are inconsistent with Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006), in which this Court held that “[sjubject-matter jurisdiction concerns a court’s power to decide certain types of cases” and that, in deciding whether a trial court has subject-matter jurisdiction over a case, “we ask only whether the trial court had the constitutional and statutory authority to try the offense with which [the defendant] was charged.” Therefore, cases approving sua sponte dismissal for failure to verify are no longer controlling in light of Seymour and Collins, and they are hereby overruled to that extent. As a result, failure to verify a petition for a writ of habeas corpus is a defect that clearly can be waived.
The State maintains that it did not waive the verification requirement in this case. Collier filed his motion on December 29, 2009, and the trial court dismissed the motion on January 5, 2010. The State maintains that it had no opportunity to waive the verification requirement in the trial court before the trial court dismissed Collier’s Rule 29 motion. We agree that the State cannot waive an issue to which it never had a chance to respond in the trial court. The State *1051 raised Collier’s failure to verify the habeas corpus petition in its brief to the Court of Criminal Appeals; therefore, it raised the issue at its first opportunity.[2] We conclude that the State did not waive Collier’s failure to verify his habeas corpus petition. The Court of Criminal Appeals’ judgment affirming the judgment of the trial court after the State had objected to lack of verification at its first opportunity in its brief before that court does not conflict with Smith, and it is due to be affirmed.
AFFIRMED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.

. Ex parte Collins, [Ms. 1091310, November 24, 2010] — So.3d - (Ala.2010), holds that the verification requirement in § 6-6-640(a), Ala.Code 1975, for petitions for mandamus, prohibition, certiorari, and other remedial writs is a procedural, not a jurisdictional, requirement. The trial court dismissed the petition for a writ of certiorari Collins had filed challenging his custody classification by the Department of Corrections. The Court of Criminal Appeals affirmed the judgment of dismissal, noting sua sponte that the petition was not verified. This Court reversed the Court of Criminal Appeals’ judgment. We held that a petitioner’s failure to verify a petition for a writ of certiorari does not limit the power of the trial court to adjudicate the petition and that, if the respondent does not properly raise the verification requirement in the trial court, it can be waived.

. Collins, see supra note 1, provides no support for Collier’s argument in this case. We hold in this case that a failure to verify a petition for a writ of habeas corpus is not a jurisdictional requirement, but is a matter of inadequate pleading that can be waived. However, in Collins, unlike the instant case, the State had the opportunity to object in the trial court and failed to do so.