WINDOM, Presiding Judge.
Jackie McLeod appeals from the circuit court’s summary dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he attacked his May 1989 convictions for four counts of unlawful distribution of a controlled substance, see § 13A-12-211, Ala. Code 1975, and his resulting consecutive sentences of life in prison for each conviction. On August 3, 1990, this Court af *1022 firmed McLeod’s convictions and sentences. See McLeod v. State, 581 So.2d 1144 (Ala.Crim.App.1990). On October 30, 1990, this Court issued a certifícate of judgment.
On February 3, 2012, McLeod filed a pleading styled “Motion to Vacate Judgment Rendered on May 16, 1989 Pursuant to Rule 60(b)(6) of Alabama Rules of Civil Procedure; and Motion for an Evidentiary Hearing on Motion.” In his motion, McLeod alleged that he was denied a fair trial in violation of the Sixth Amendment to the United States Constitution because: 1) Juror N.M. was influenced by her son, a narcotics agent, to find McLeod guilty; 2) the State failed to disclose to the trial court and to McLeod that it was aware Jurors J.H. and N.M. had failed to disclose information during voir dire; and 3) the empaneled jurors intentionally failed to disclose information during voir dire, and that the State failed to disclose to the trial court and to McLeod that it was aware that the jurors had failed to disclose information during voir dire.[1] On February 23, 2012, the circuit court, without affording the State an opportunity to respond, treated McLeod’s pleading as a Rule 32 petition and dismissed it. The circuit court did not state any reasons for its dismissal.[2]
On appeal, McLeod reasserts claims (1) and (2). He, however, has not reasserted claim (3) and thus has abandoned that claim. Brownlee v. State, 666 So.2d 91, 93 (Ala.CrimApp.1995). Further, he has improperly raised a number of issues for the first time on appeal, and those issues are not properly before this Court. Chambers v. State, 884 So.2d 15, 19 (Ala.Crim.App.2003). Thus, whether the circuit court correctly dismissed claims (1) and (2) is the only issue properly before this Court.
In its brief on appeal, the State asserts, for the first time, that the circuit court properly dismissed claims (1) and (2) because those claims were procedurally barred under Rules 32.2(b) and 32.2(c), Ala. R.Crim. P.[3] The State did not have the opportunity to, and thus did not, assert these procedural bars in the circuit court. Therefore, this Court must determine whether the application of those bars has been waived.
The Alabama Supreme Court has held that the procedural bars contained in Rules 32.2(a) and 32.2(c), Ala. R.Crim. P., do not implicate the circuit court’s jurisdiction to reach the merits of a petitioner’s claim; instead, they are affirmative defenses that will be waived if not raised in the circuit court. See Ex parte Clemons, 55 So.3d 348, 354 (Ala.2007); Ex parte Ward, 46 So.3d 888, 896 (Ala.2007). See also Fox v. State, 50 So.3d 494, 496 n. 1 (Ala.Crim.App.2007) (implicitly holding that Rule 32.2(b), Ala. R.Crim. P., is not a jurisdictional bar to relief). However, a “ ‘[w]aiver is ... the voluntary surrender or relinquishment of some known right, benefit, or advantage,’” Stewart v. Bradley, 15 So.3d 533, 543 (Ala.Civ.App.2008) (quoting Waters v. Taylor, 527 So.2d 139, *1023 141 (Ala.Civ.App.1988), citing in turn City of Montgomery v. Weldon, 280 Ala. 468, 195 So.2d 110 (1967)), and “ ‘ “will not be implied from slight circumstances.... ” 29 Am. & Enq. Law, p. 1105.’ ” Ex parte Textron, Inc., 67 So.3d 61, 66 (Ala.2011) (quoting Isom v. Johnson, 205 Ala. 157, 159-60, 87 So. 543, 545 (1920)). Instead, a waiver “ ‘ “must be evidenced by an unequivocal [statement or a] decisive act.Id. Thus, this Court holds that in circumstances when the State is not given an opportunity to respond to a Rule 32 petition before the petition is summarily dismissed, the State has not “evidenced [its intent to waive its affirmative defenses] by an unequivocal [statement or a] decisive act,” and it has not waived the application of the procedural bars. Id.; cf. AG. v. State, 989 So.2d 1167, 1180, n. 6 (Ala.Crim.App.2007) (recognizing that the State will not be deemed to have waived the application of a procedural bar contained in Rule 32.2, Ala. R.Crim. P., if the State did not have the opportunity to raise that bar in the trial court); Davenport v. State, 987 So.2d 652, 655, n. 4 (Ala.Crim.App.2007) (same).
This Court’s conclusion is buttressed by the Alabama Supreme Court’s holdings in Ex parte Collins, 84 So.3d 48 (Ala.2010), and Ex parte Collier, 64 So.3d 1045 (Ala.2010). In Ex parte Collins, 84 So.3d at 53, the Alabama Supreme Court held that an inmate’s failure to verify his petition for a writ of habeas corpus was a nonjurisdic-tional, pleading defect that will be waived by the State if not raised in the circuit court. In Ex parte Collier, the Alabama Supreme Court reaffirmed its holding that the “failure to verify a petition for a writ of habeas corpus is a defect [in an inmate’s pleading] that clearly can be waived” if not raised in the circuit court. 64 So.3d at 1050. It, however, explained that the State will not be deemed to have waived that defense if the State did not have the opportunity to raise that defense in the circuit court. Id. To support its conclusion, the Alabama Supreme Court recognized that the “State cannot waive an issue [or defense] ... it never had a chance to [raise] in the trial court.” Id. Thus, when the State does not have the opportunity to respond to an inmate’s pleading in the circuit court, it will not be deemed to have waived any defenses if those defenses are asserted at the State’s first opportunity, i.e., in its brief on appeal. Id. at 1051.
Here, the circuit court dismissed McLeod’s Rule 32 petition before the State had an opportunity to respond; therefore, the “State ... never had a chance to [raise the procedural bars] in the trial court.” Id. Because the “State cannot waive an issue [or defense] ... it never had a chance to [raise] in the trial court,” id., it has not waived and may assert the procedural bars for the first time on appeal. Cf. A.G., 989 So.2d at 1180, n. 6; Davenport, 987 So.2d at 655, n. 4. The State has asserted that McLeod’s claims are procedurally barred under Rules 32.2(b) and 32.2(c), Ala. R.Crim. P.; therefore, the circuit court’s dismissal will be affirmed if either of those procedural bars applies.
In claims (1) and (2), McLeod raised claims relating to juror misconduct and prosecutorial misconduct. Those claims are not jurisdictional and are therefore subject to the procedural bars contained in Rule 32.2, Ala. R.Crim. P. See Jenkins v. State, 105 So.3d 1234, 1239 (Ala.Crim.App.2011); Green v. State, 591 So.2d 576, 578 (Ala.Crim.App.1991). Further, McLeod filed his Rule 32 petition well after the time limitation contained in Rule 32.2(c), Ala. R.Crim. P., had expired. Therefore, McLeod’s claims are procedurally barred, and the circuit court’s judgment is due to be affirmed.
*1024 Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
BURKE, J., concurs. JOINER, J., concurs specially, with opinion; WELCH, J., concurs in the result, with opinion; KELLUM, J., concurs in the result.

. Claims (1) and (2) relate to specific jurors, whereas claim (3) relates to all the jurors.

. The circuit court properly treated McLeod’s filing as a Rule 32 petition. State v. Murphy, 1 So.3d 1084, 1087 (Ala.Crim.App.2008) (holding that a court must treat a filing according to its substance and not its style). This Rule 32 petition is at least McLeod’s fifth postconviction petition challenging his May 1989 convictions for unlawful distribution of a controlled substance. See McLeod v. State (Ms. CR-09-0884), 84 So.3d 1021 (Ala.Crim.App.2010) (table).

.This Court is not applying procedural bars sua sponte. Black’s Law Dictionary 1560 (9th ed.2009) (defining "sua sponte” as acting "[w]ithout prompting or suggestion; on its own motion”).