JOINER, Judge.
The State of-Alabama appeals the circuit court’s decision to grant John Edward Baker’s Rule 32, Ala. R.Crim. P., petition for postconviction relief. See Rule 32.10, Ala. R.Crim. P. We reverse and remand.

Facts and Procedural History

On August 18, 2010, Baker pleaded guilty to one count of sexual abuse of a child less than 12 years old, see § 13A-6-69.1, Ala.Code 1975, and was sentenced to 10 years’ imprisonment.[1] Baker applied *862 for probation, which the circuit court denied after conducting a hearing. Baker did not file a direct appeal challenging either his conviction or sentence.
Thereafter, Baker filed several pro se motions with the circuit court requesting that the circuit court either “reconsider” or “modify” his sentence; the circuit court denied those motions.
On November 11, 2011, Baker, with the assistance of counsel,[2] filed his first Rule 32 petition, alleging that his trial counsel was ineffective because, he said, his trial counsel failed to inform him of numerous things before he pleaded guilty and that, as a result of his trial counsel’s ineffectiveness, his guilty plea was not knowingly, voluntarily, and intelligently made. The circuit court, after conducting an evidentia-ry hearing on Baker’s claims, denied Baker’s Rule 32 petition, holding that Baker’s claims were without merit, were precluded under Rule 32.2(a)(3) and (5), Ala. R.Crim. P., and were time-barred under Rule 32.2(c), Ala. R.Crim. P. Baker appealed the circuit court’s decision, and this Court affirmed the circuit court’s decision in an unpublished memorandum issued on December 7, 2012. See Baker v. State (No. CR-11-1376, Dec. 7, 2012), 155 So.3d 1127 (Ala.Crim.App.2013) (table).
Thereafter, on October 18, 2013, Baker filed a motion he styled as a “Motion for a Sentence Reduction or Reverse Sentence for a Jurisdictional Defective Misunderstanding of the Plea to the Indictment; Lack of Evidence to Support the Charge,” in which Baker again challenged his guilty-plea conviction for sexual abuse of a child less than 12 years old, alleging that “his plea was illegally accepted because he did not understand his plea” because, he said, his “understanding of the plea was that he would get a 10 year sentence with good time” and his trial counsel told him that he “would be pleading to a sentence of 3 years, 4 months, 17 days.” (C. 5.) Baker also alleged that his “conviction and sentence [were] wrongfully and unlawfully imposed because it appears that there is no evidence to support his charge(s) nor his conviction.” (C. 6.)
On November 8, 2013, the State filed a response to Baker’s motion, arguing that, although not styled as such, Baker’s motion was truly a Rule 32, Ala. R.Crim. P., petition for postconviction relief, see, e.g., Hiett v. State, 642 So.2d 492, 493 (Ala.Crim.App.1993) (“[A] petition for writ of habeas corpus contesting the validity of a conviction should [be] treated as a petition for post-conviction relief.”). Further, the State argued that Baker’s filing “fail[ed] to conform to the requirements of ... Rule 32.6(a)[, Ala. R.Crim. P.]” (C. 11), which provides, in part:
“A proceeding under this rule is commenced by filing a petition, verified by the petitioner or the petitioner’s attorney, with the clerk of the court. A petition may be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c)). ■ The petition should be filed by using or fol *863 lowing the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form. The petition shall be accompanied by two copies thereof. It shall also be accompanied by the filing fee prescribed by law or rule in civil cases in the circuit court unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis. If the petitioner desires to prosecute the petition in forma pauperis, he or she shall file the ‘In Forma Pauperis Declaration’ at the end of the form.”
Thus, the State requested that the circuit court return the petition to Baker and instruct Baker “to comply with the form requirements and that it be re-filed appropriately, and as part of that re-filing, that it be accompanied by the filing fee or the application to proceed in forma pauperis.” (C. 11.)
On November 12, 2013, the circuit court granted the State’s motion and returned Baker’s motion to him to be refiled in the appropriate form. The circuit court also appointed counsel “to represent [Baker] ... for the limited purpose of helping the court determine [Baker’s] indigency.” (C. 13.) Baker, through his appointed counsel, filed an “Affidavit for Substantial Hardship,” a request to proceed in forma pauperis,[3] and a corrected Rule 32, Ala. R.Crim. P., petition for postconviction relief.
The corrected petition, Baker’s second, was deemed filed on February 6, 2014. Baker filed the standard Rule 32 form found in the appendix to Rule 32 and attached a supplement setting out his detailed claims. In his supplement to the petition, Baker alleged that his trial counsel was ineffective because, he said, his trial counsel “fail[ed] to advise [him] of the direct consequences of his conviction prior to entering a plea of guilty” and that his guilty plea was “invalid because it was not ‘a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.’ ” Baker further alleged that although his petition was, on its face, untimely, see Rule 32.2(c), Ala. R.Crim. P., his petition should not be summarily dismissed because, he said, he was entitled to have the doctrine of equitable tolling applied.
On March 3, 2014, the State filed a response to Baker’s Rule 32 petition, alleging that, because the circuit court had already entered an order granting Baker *864 an evidentiary hearing, it “reserves all possible claims, defenses and preclusions and the right to claim the same at the scheduled hearing.” (C. 44.) The State further alleged that it denied “all factual and legal issues raised by” Baker. (C. 44.)
On March 14, 2014, Baker filed an “Amended Petition for Relief from Conviction or Sentence,” in which Baker reasserted the claims raised in his second Rule 32 petition and further alleged:
“At the April 24, 2012[,] hearing on Baker’s first Rule 32 Petition, Baker’s retained trial counsel ... testified numerous times as to Mr. Baker’s hopes of being granted probation or a split sentence when he decided to plead guilty, as well as her own expectation that probation could possibly be granted. For example, [Baker’s trial counsel] testified:
“ ‘But from the get-go, he wanted me to negotiate a deal where he didn’t have to go to prison, that was his first hope, or a split sentence where he would be in jail’ (April 24, 2012 Transcript at Page 57). [Baker’s trial counsel] later testified, T had relayed what [the Assistant District Attorney] had offered, and [Baker] agreed with that, that he would take his chances and apply for probation.’ (April 24, 2012 Transcript, Page 59).
“To be sure, this court went so far as to later hold a probation hearing on Mr. Baker’s application for probation on November 10, 2010. After receiving a pre-probation report, and hearing and considering the evidence, the court denied Baker’s application for probation.
“Thus, it cannot reasonably be disputed that Mr. Baker, [his trial counsel], [the State], and quite frankly, everyone else familiar with this case, were of the understanding, before and after Baker decided to plead guilty, that a split sentence or sentence of probation was a possibility, was legal, and was a question of fact to be decided by the sentencing judge. The Alabama legislature thought otherwise when it enacted Ala.Code § 15-18-8.”
(C. 46-47.)
On March 8, 2014, the State filed a response to Baker’s amended Rule 32 petition, alleging that Baker’s claims were precluded under Rule 32.2(a)(4), Ala. R.Crim. P., because they were raised and addressed in a previous appeal or collateral proceeding; that Baker’s claims were successive under Rule 32.2(b), Ala. R.Crim. P.; that Baker’s claims were time-barred under Rule 32.2(c), Ala. R.Crim. P.; and that Baker’s ineffective-assistance-of-counsel claim was precluded under Rule 32.2(d), Ala. R.Crim. P. The State further alleged that Baker’s claims were without merit. To support its allegations, the State attached to its response a copy of this Court’s unpublished memorandum affirming the circuit court’s denial of Baker’s first Rule 32 petition; an affidavit from Baker’s trial counsel; Baker’s affidavit— which he had attached to his first Rule 32 petition; a copy of the explanation-of-rights-and-plea-of-guilty form signed by Baker, his trial counsel, and the circuit court; and a copy of the transcript of Baker’s guilty-plea colloquy.
On April 7, 2014, the circuit court conducted an evidentiary hearing on Baker’s claims, at which Baker was represented by counsel. At the hearing, Baker presented no testimony to prove his claims and, instead, made only “legal arguments” in favor of his position. Baker, in addressing the circuit court, however, did introduce one exhibit — the written plea agreement between Baker and the State.[4] Likewise, *865 the State presented no testimony at the evidentiary hearing and, like Baker, made only “legal arguments” in favor of its position. As stated above, however, the State, in support of its position, had attached several exhibits to its response to Baker’s Rule 32 petition.
On May 9, 2014, the circuit court issued a written order granting Baker’s Rule 32 petition, finding that Baker’s trial counsel was ineffective for failing “to advise [Baker] of the direct consequences of his conviction prior to entering a plea of guilty, along with trial counsel’s affirmative indication of Baker’s eligibility for early release” (C. 83) and further finding that “Baker’s plea of guilty was invalid, as it was not ‘a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.’ ” (C. 85.) Additionally, the circuit court concluded that, although Baker’s petition was untimely, see Rule 32.2(c), Ala. R.Crim. P., “the doctrine of equitable tolling is appropriate in this case.” (C. 85.) The State then filed a timely notice of appeal. See Rule 32.10, Ala. R.Crim. P., and Rule 4(b)(1), Ala. R.App. P.

Standard of Review

Because Baker was afforded an opportunity to prove his claims at an evi-dentiary hearing, we apply the following standard of reviewfin this appeal:
“When the circuit court conducts an evidentiary hearing, ‘[t]he burden of proof in a Rule 32 proceeding rests solely with the petitioner, not the State.’ Davis v. State, 9 So.3d 514, 519 (Ala.Crim.App.2006), rev’d on other grounds, 9 So.3d 537 (Ala.2007). ‘[I]n a Rule 32, Ala. R.Crim. P., proceeding, the burden of proof is upon the petitioner seeking post-conviction relief to establish his grounds for relief by a preponderance of the evidence.’ Wilson v. State, 644 So.2d 1326, 1328 (Ala.Crim.App.1994). Rule 32.3, Ala. R.Crim. P., specifically provides that ‘[t]he petitioner shall have the burden of ... proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.’ ‘[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.’ Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). ‘However, where there are disputed facts in a postconviction proceeding and the circuit court resolves those disputed facts, “[t]he standard of review on appeal ... is whether the trial judge abused his discretion when he denied the petition.” ’ Boyd v. State, 913 So.2d 1113, 1122 (Ala.Crim.App.2003) (quoting Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992)).”
Marshall v. State, [Ms. CR-10-0696, May 2, 2014] — So.3d -, - (Ala.Crim.App.2014). Additionally, we recognize that, although the State has “the burden of pleading any ground of preclusion, ... once a ground of preclusion as been pleaded, the petitioner ... [has] the burden of disproving its existence by a preponderance of the evidence.” Rule 32.3, Ala. R.Crim. P.

Discussion

On appeal, the State contends that the circuit court erred when it granted Baker’s Rule 32 petition because, the State contends, Baker’s claims were both successive under Rule 32.2(b), Ala. R.Crim. P., and time-barred under Rule 32.2(c), Ala. R.Crim. P.
Initially, we note that the circuit court in its order granting Baker Rule 32 relief did not address the State’s assertion of Rule 32.2(b), Ala. R.Crim. P., as a basis for denying Baker’s claims. Instead, the circuit court concluded that Baker’s petition was untimely under Rule 32.2(c), Ala. R.Crim. P., and that Baker was entitled to *866 the benefit of the doctrine of equitable tolling. Regardless of whether the circuit court correctly determined that Baker was entitled to the benefit of the doctrine of equitable tolling as a basis for avoiding preclusion under Rule 32.2(c), Ala. R.Crim. P., as the State correctly contends in its brief on appeal, the doctrine of equitable tolling is an exception only to the limitations, provision of Rule 32.2(c), Ala. R.Crim. P.; it does not provide a basis for overcoming the bar against successive claims under Rule 32.2(b), Ala. R.Crim. P. See generally Ex parte Ward, 46 So.3d 888 (Ala.2007), and Patrick v. State, 91 So.3d 756, 758 (Ala.Crim.App.2011) (recognizing that in Ward “[t]he Supreme Court ... recognized equitable tolling as an exception to the limitations provision in Rule 32.2(c), Ala. R.Crim. P.”).
Although Baker appears to argue that the doctrine of equitable tolling applies equally to both Rule 32.2(c) and Rule 32.2(b), Baker cites no authority standing for such a proposition. Indeed, neither the Alabama Rules of Criminal Procedure, nor the decisions of this Court, nor the decisions of the Alabama Supreme Court have carved out any “equitable” exception to Rule 32.2(b), Ala. R.Crim. P.
Baker, alternatively, contends that the circuit court correctly granted his petition for postconviction relief because, he says, the grounds of preclusion set forth in Rule 32.2, Ala. R.Crim. P., “do not affect the jurisdiction of the circuit court to entertain and grant [his] petition for postconviction relief.” Additionally, Baker contends that because “the preclusive provisions of Rule 32.2[ ] ... are not jurisdictional, then it follows ... that the trial court has the power to rule that the preclusive provisions of Rule 32.2 will not be applied in a particular case.” In other words, Baker argues that a circuit court may grant Rule 32 relief even if a Rule 32.2 ground of preclusion applies to a Rule 32 petitioner’s claims.
Although Baker correctly recognizes that the grounds of preclusion set forth in Rule 32.2, Ala. R.Crim. P., have been characterized as “not jurisdictional,” that phrase does not mean, as Baker contends, that the circuit court may choose to disregard a ground of preclusion that has been properly asserted by the State and has not been subsequently disproved by the petitioner by a preponderance of the evidence. Instead, the phrase “not jurisdictional,” as that phrase is used regarding the grounds of preclusion, means only that the State’s failure to properly raise a ground of preclusion constitutes a waiver of that affirmative defense.[5] This principle is clearly espoused in the Alabama Supreme Court’s decision in Ex parte Clemons, 55 So.3d 348 (Ala.2007).
Specifically, in Clemons, 55 So.3d at 353, the Alabama Supreme Court rejected the State’s contention that, although it failed to first assert the grounds of preclusion in the circuit court, “the Rule 32.2(a) procedural bar's axe jurisdictional and could not have been waived by the State.” (Some emphasis added.) The Court held that “Rule 32.3 expressly imposes upon the State the burden of pleading an affirmative defense” and that the State’s failure to plead an affirmative defense constitutes a waiver of that defense. Id. at 356 (“In summary, the preclusive provisions of Rule 32.2(a) cannot be read as jurisdictional. Because those procedural bars are nonju-risdictional, they may, as. they were here, be waived.”).
Although the Court in Clemons concluded that the grounds of preclusion are “not jurisdictional” and may be waived *867 by the State, Clemons did not hold that a properly asserted ground of preclusion, which is not subsequently disproved, could be simply disregarded by a circuit court if it so chose. Indeed, the grounds of preclusion set forth in Rule 32.2 are written in mandatory terms. See A.G. v. State, 989 So.2d 1167, 1179 (Ala.Crim.App.2007) (“The Court first held that the preclusion grounds in Rule 32.2(a), although mandatory, are not jurisdictional and, thus, that they can be waived by the State.” (emphasis added)). See also Rule 32.2(a), Ala. R.Crim. P. (“A petitioner will not be given relief under this' rule_” (emphasis added)); Rule 32.2(b), Ala. R.Crim. P. (“The court shall not grant relief on a successive petition....” (emphasis added)); Rule 32.2(c), Ala. R.Crim. P. (“[T]he court shall not entertain any petition for relief from a conviction or sentence....” (emphasis added)); and Rule 32.2(d), Aa. R.Crim. P. (“In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition.” (emphasis added)). Thus, if a ground of preclusion has been properly asserted and has not been waived by the State, a circuit court cannot simply choose to disregard that ground.[6] If a circuit court fails to follow a rule of criminal procedure that has mandatory application, the circuit court’s actions may be reversible error. See, e.g., Hatfield v. State, 29 So.3d 241 (Aa.Crim.App.2009) (holding that the circuit court’s failure to properly inform Hatfield of the sentencing ranges that he faced for first-degree rape and first-degree burglary, as required by Rule 14.4, Aa. R.Crim. P., required reversal of the circuit court’s denial of his motion to withdraw his guilty plea).
Because application of a properly asserted ground of preclusion is mandatory if not waived by the State and not subsequently disproved by the petitioner by a preponderance of the evidence, the questions we must address are: First, whether the State in its response to Baker’s Rule 32 petition properly asserted a ground of preclusion that bars Baker’s claims; and, second, if so, whether Baker disproved the ground of preclusion by a preponderance of the evidence. .
As a threshold issue, however, we recognize that Baker’s Rule 32 claims— that his trial counsel was ineffective for failing to advise him of certain rights and that, as a result, his guilty plea was “invalid because it was not ‘a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences’ ” — are nonjuris-dictional claims that are subject to the grounds of preclusion set forth in Rule 32.2, Aa. R.Crim. P. See Wallace v. State, 959 So.2d 1161, 1163-64 (Aa.Crim.App.2006) (holding that a claim that a guilty plea was involuntarily and unknowingly entered “based on the alleged failure by his trial counsel and the trial court to advise him of a number of rights” is a nonjurisdictional claim); and Cogman v. State, 852 So.2d 191, 192 (Aa.Crim.App.2002) (“An ineffective assistance of counsel claim is not jurisdictional; therefore, it is subject to the limitations period in Rule 32.2(c).”).
With regard to the State’s assertion of the grounds of preclusion, as stated above, Rule 32.3, Aa. R.Crim. P., places on the State “the burden of pleading any ground of preclusion.” In so pleading, the State is required to make more than a “general assertion” that a ground of preclusion applies. See A.G. v. State, 989 So.2d at 1180 (“In Ex parte Rice, 565 *868 So.2d 606 (Ala.1990), the Alabama Supreme Court held that the State’s general assertion that the petitioner’s claims were precluded under former Rule 20.2, Ala. R.Crim. P. Temp., now Rule 32.2, without identifying which preclusion grounds applied, was not sufficiently specific to provide the petitioner with ‘the type of notice necessary to satisfy the requirements of due process.’ 565 So.2d at 608.” (emphasis added)).
As set out above, here, the State asserted, among other things, that Baker’s claims were precluded under Rules 32.2(b) and 32.2(c), Ala. R.Crim. P. Specifically, with regard to Rule 32.2(b), Ala. R.Crim. P., the State, in its response to Baker’s second Rule 32 petition, alleged that Baker had previously filed a Rule 32 petition raising claims of ineffective assistance of counsel and that his guilty plea was involuntary. Additionally, the State attached to its response as “Exhibit A” this Court’s unpublished memorandum affirming the denial of Baker’s first Rule 32 petition.[7] That unpublished memorandum demonstrates that this Court recognized that Baker in his first Rule 32 petition had raised allegations of ineffective assistance of counsel and that his guilty plea was involuntary.
Rule 32.2(b), Ala. R.Crim. P., provides: “If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner. A sueces-sive petition on different grounds shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.”
(Emphasis added.)
With regard to Rule 32.2(b), Ala. R.Crim. P., this Court has explained:
“Rule 32.2(b) is composed of two parts, and each part is a single sentence the applicability of which is determined by whether or not a particular claim has been presented in a previous petition. The first part of Rule 32.2(b), which pertains to claims that have been raised in a previous petition, states: ‘The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner.’ The second part of Rule 32.2(b), which pertains to claims that were not raised in a previous petition, states: ‘A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.’
“A relatively recent Alabama Supreme Court case, Ex parte Walker, 800 So.2d *869 135 (Ala.2000), makes it clear that, for purposes of applying the procedural bar in Rule 32.2(b), the claims in a Rule 32 petition should be considered separately, and not collectively. The separate consideration of claims in a ‘successive petition’ necessarily entails a determination of which part of Rule 32.2(b) applies to a particular claim.
“It is well settled under Alabama caselaw that where a particular claim in a Rule 32 petition has been raised in a previous petition (i.e., the claim falls under the first part of Rule 32.2(b)), for that claim to be precluded as successive under Rule 32.2(b), the claim must have been decided on the merits in the previous petition. See Ex parte Walker, citing Blount v. State, 572 So.2d 498 (Ala.Crim.App.1990). However, where a particular claim in a petition is new and was not raised in a previous petition (i.e., the claim falls under the second part of Rule 32.2(b)), the ‘decided-on-the-merits’ requirement is obviously inapplicable, because the claim is being raised for the first time. Under the second part of Rule 32.2(b), any new claim in a ‘second or successive petition’ is precluded as successive unless the petitioner can ‘show[ ] both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.’ ”
Whitt v. State, 827 So.2d 869, 875 (Ala.Crim.App.2001).
Thus, Rule 32.2(b) creates a two-pronged approach to addressing successive petitions. Under the first prong, the court must determine “whether the grounds raised in the successive petition are duplicative, that is, have the same grounds been raised in a prior petition.” Ex parte Trawick, 972 So.2d 782, 783 (Ala.2007). Under the second prong, the circuit court must determine if the successive petition raises a different ground and, if so, must deny that petition “unless one of two exceptions apply” — first, that the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or, second, that the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice. Ex parte Trawick, 972 So.2d at 783.
In applying the Rule 32.2(b) analysis to Baker’s second Rule 32 petition, we first note that it is undisputed that Baker’s petition is successive.[8] Additionally, the record on appeal demonstrates that Baker’s second Rule 32 petition raised the “same or similar grounds” as his first Rule 32 petition. Specifically, Baker, in his first Rule 32 petition, alleged that his trial counsel was ineffective because, he said, his trial counsel failed to inform him of numerous rights before he pleaded guilty and that, as a result of his trial counsel’s ineffectiveness, his guilty plea was not knowingly, voluntarily, and intelligently made. Likewise, in his second Rule 32 petition, Baker alleged that his trial counsel was ineffective because, he said, his trial counsel “fail[ed] to advise [him] of the direct consequences of his conviction prior to entering a plea of guilty” and that his guilty plea was “invalid because it was not ‘a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.’ ” Although Baker, in his brief on appeal, contends that these are “new” *870 or “different” grounds, simply because Baker has now alleged another reason why, he believes, his counsel was ineffective and, as a result, his guilty plea was involuntary does not make his claims “new” ,or “different.” Rather, they are merely the same, or similar to, the claims of ineffective assistance of counsel and involuntary guilty plea he raised in his first petition.- Thus, Baker’s claims fall under the first prong of the Rule 32.2(b) analysis and may be precluded as successive if the claims have been previously decided on the merits.
As explained above, after Baker filed his first Rule 32 petition raising claims of ineffective assistance of counsel and an involuntary guilty plea, the circuit court conducted an evidentiary hearing, at which Baker was provided an opportunity to prove his claims. This Court, in its unpublished memorandum affirming the circuit court’s denial of Baker’s first Rule 32 petition, explained:
“On May 17, 2012, the circuit court issued an order denying Baker’s Rule 32 petition, declaring that it rejected his ineffective assistance, of counsel claims on their merits after considering each one of them and stated that it was satisfied that Baker understood and appreciated the nature of the charges against him and his guilty plea.”
(Emphasis added.) Thus, the circuit court, in its order denying Baker’s first Rule 32 petition, concluded that his claims were without merit.
Consequently, the “same or similar” claims Baker now raises in his second Rule 32 petition have been previously addressed on the merits and are precluded as successive under the first prong of the Rule 32.2(b), Ala. R.Crim. P., analysis.
With regard to his burden to disprove Rule 32.2(b), Ala. R.Crim. P., as a ground of preclusion, Baker, although given an opportunity to prove his claims at an evidentiary hearing and therefore, in turn, given an opportunity to disprove the State’s allegation that his claim was successive, failed to present any evidence— through testimony or otherwise — disproving the State’s allegation that his claims were successive. Instead, Baker made only “legal arguments” in favor of his position that his counsel was ineffective and that, as a result, his guilty plea was involuntary. In fact, 'at the hearing Baker made no argument in response when the State specifically argued (1) that Baker had previously filed a Rule 32 petition alleging both the ineffective assistance of counsel and an involuntary guilty plea, (2) that Baker’s first-petition “had a full hearing on the merits” (R. 7), and (3) that Baker’s claims were therefore successive. Thus, Baker failed to disprove the State’s allegation by a preponderance of the evidence.

Conclusion

Because the State properly asserted the preclusive bar contained in Rule 32.2(b) as an affirmative defense to Baker’s successive, nonjurisdictional claims, and Baker, at the evidentiary hearing, failed to subsequently disprove — by a preponderance of the evidence — Rule 32.2(b), Ala. R.Crim. P., the circuit court erred when it granted Baker’s Rule 32, Ala. R.Crim. P., petition for postconviction relief. Accordingly, the judgment of the circuit court is reversed and this case is remanded to the circuit court to set aside its order granting Baker’s Rule 32 petition and issue an order in accordance with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.

. Baker was originally indicted for five counts of first-degree sodomy, see § 13A-6-63, Ala. Code 1975, four counts of sexual abuse of a child less than 12 years old, see § 13A-6-69.1, *862 Ala.Code 1975, and four counts of first-degree sexual abuse, see § 13A-6-66, Ala.Code 1975. Pursuant to a negotiated plea agreement, Baker pleaded guilty to one count of sexual abuse of a child less than 12 years old, and the State dismissed the remaining 12 counts. Additionally, Baker agreed to receive a 10-year sentence and an opportunity to apply for probation. The State, however, opposed probation, and the circuit court, before Baker pleaded guilty, explained to Baker that “it is almost certain that you will not receive an immediate probation order or straight probation. That is to say, you'll almost certainly be going to jail or prison for a period of time.” (C. 68.) Baker, knowing that he would "almost certainly" be going to prison, maintained that he wanted to plead guilty to sexual abuse of a child less than 12 years old.

. Baker’s first Rule 32 counsel did not represent Baker at trial.

. On November 25, 2013, Baker's Rule 32 counsel filed an "Affidavit of Substantial Hardship and Order,” and attached to it a document demonstrating Baker’s "average inmate deposit balances” for the 12 months preceding the filing of Baker's affidavit of substantial hardship. On February 6, 2014, Baker filed a "Motion to Proceed In Forma Pauperis” and attached to it the same document he had attached to his affidavit of substantial hardship. On February 7, 2013, the circuit court granted Baker’s request to proceed in forma pauperis.
We note, however, that, although the circuit court granted Baker's request to proceed in forma pauperis, the record on appeal demonstrates that Baker had deposited into his inmate account $1,263.61 in the 12 months preceding the filing of his request to proceed in forma pauperis. (C. 37.) The amount of the filing fee for a postconviction petition in the Jackson Circuit Court is $321. Thus, the amount of money in Baker’s inmate account is "appreciably more than the amount necessary to pay [the] filing fee,” and the circuit court would not have abused its discretion if it had denied Baker’s request to proceed in forma pauperis and had required Baker to pay the filing fee. See Ex parte Wyre, 74 So.3d 479, 482 (Ala.Crim.App.2011) (”[A]n inmate who has appreciably more than the amount necessary to pay a filing fee deposited in his inmate account in the 12 months preceding the filing of an [in forma pauperis] request is not indigent as that term is defined in Rule 6.3(a), Ala. R.Crim. P.”).

. Although Baker introduced the written plea agreement as an exhibit and the circuit court admitted the exhibit, a copy of the exhibit is not included in the record in this appeal.

. An exception to that rule, which is not applicable here, was recognized by this Court in McLeod v. State, 121 So.3d 1020 (Ala.Crim.App.2012).

. We recognize, however, that a circuit court has no duty to apply the grounds of preclusion sua sponte to deny a petitioner's claim if those grounds are, in fact, waived by the State.

. The State is not required to prove the grounds of preclusion set forth' in Rule 32.2, Ala. R.Crim. P.; rather the State is required only to sufficiently plead its affirmative defenses. See Rule 32.3, Ala. R.Crim. P. Here, the State’s attaching exhibits to its Rule 32 petition demonstrating that Baker previously raised these claims goes to proof of the affirmative defense, not sufficiently pleading an affirmative defense.

. Baker recognized in his Rule 32 petition that he had previously filed a Rule 32 petition in Jackson Circuit Court challenging his conviction and sentence in this case. (C. 18.)