On Return to Remand *
JOINER, Judge.
The State of Alabama appeals the circuit court’s decision to grant Niekro Hurst’s Rule 32, Ala. R.Crim. P., petition for post-conviction relief. See Rule 32.10, Ala. R.Crim. P. On March 22, 2010, Hurst was convicted of first-degree rape, see § 13A-6—61(a)(1), Ala.Code 1975, and second-degree rape, see § 13A-6-62(a)(l), Ala.Code 1975, and was sentenced to 20 years’ imprisonment and 10 years’ imprisonment, respectively. This Court affirmed Hurst’s convictions and sentences in an unpublished memorandum issued on May 20, 2011, Hurst v. State (No. CR-09-1001, May 20, 2011), 107 So.3d 229 (Ala.Crim.App.2011) (table), and issued a certificate of judgment on September 9,2011.
On August 26, 2014, Hurst filed a Rule 32, Ala. R.Crim. P., petition, alleging that his trial counsel was ineffective because, he said, his trial counsel told him that, “if he testified!,] the prior charge of murder, which was dismissed!,] could or would be offered against him” and that his trial counsel “failed to bring out the issue that the victim was pregnant and had an abortion.” (C. 24.) Additionally, Hurst explained that, although his petition was untimely, see Rule 32.2(c), Ala. R.Crim. P., “[t]his is an out of time Petition for Rule 32 due to the Attorney John S. Waddell’s ... failure -to complete the filing of the timely filed Rule 32.” (C. 25.)
To support his claim that his untimely filed petition should be excused, Hurst attached to his petition two exhibits: (1) an e-mail from an assistant clerk in the Jefferson County Circuit Court clerk’s office to John Waddell, dated June 4, 2013, indicating that the assistant clerk had received a Rule 32 petition filed by Waddell on Hurst’s behalf but “[i]n order to proceed with the in forma pauperis declaration, [she] must have an account summary for the last 12 months from [Hurst’s] facility” (C. 28); and (2) an affidavit executed by Hurst explaining that “Attorney John S. Waddell was hired by [his] family to do a Rule 32, but Attorney Waddell did not file the Rule 32 correctly.” (C. 27.)
*944 In other words, Hurst, in his petition, recognized that his Rule 32 petition was, on its face, time-barred under Rule 32.2(c), Ala. R.Crim. P., .but he. requested that the circuit court apply the doctrine of equitable tolling to his petition, and he submitted exhibits to support his request.
On October 16, 2014, the State .filed a motion to dismiss Hurst’s Rule 32 petition, alleging, among other things, that Hurst’s petition was time-barred under Rule 32.2(c),.Ala. R.Crim. P., and that Hurst’s claims of ineffective assistance of counsel were without merit.
On October 20, 2014, the circuit court ordered that ■ an evidentiary' hearing be held on Hurst’s petition; the hearing was conducted on February 23, 2015. At the hearing, Hurst was represented by counsel and presented the testimony of only, one witness—his trial counsel, William Ware. Hurst presented no testimony to support his claim that the doctrine of equitable tolling should apply to his untimely filed petition.[1] ,
At the conclusion of the hearing, the circuit court granted Hurst’s Rule 32 petition stating on the record the reason it believed Hurst’s trial counsel was ineffective and, thereafter, memorialized its decision in a written order, finding:
“After hearing, the defendant’s Petition For Relief Pursuant to Rule 32 is hereby granted. A new trial is hereby ordered for May 11th 2015 at 9:00 a.m. The defendant’s prior bond is, hereby reinstated,”
(C. 15.) The circuit court did not address Hurst’s equitable-tolling claim ■ either ■ at the conclusion of the evidentiary hearing or in its written order granting Hurst’s petition.[2]
On appeal, the State contends, among other things, that the circuit court erred when it granted Hurst’s petition and. ordered that hé receive a new trial because, the State says, Hurst’s petition was time-barred under Rule 32.2(c), Ala. R.Crim. P., and Hurst failed to prove that he was entitled to the doctrine of equitable tolling.
Before we can address the State’s claims on appeal, however, we note that, although Hurst asserted the doctrine of equitable tolling in his petition, the circuit court, as explained above, did not make any findings of fact regarding the applicability of the doctrine of equitable tolling to Hurst’s petition. Thus, it is unclear whether the circuit court determined that the doctrine of equitable tolling applied in this case.
The following is well settled:
“If ... the [circuit] court holds a hearing, then Rule 32,9, Ala. R.Crim. P., provides, in pertinent part, as follows:
“ ‘(a). Hearing, Unless the court dismisses the petition, the. petitioner shall be entitled to an evidentiary *945 hearing, to determine disputed issues of material fact....
[[Image here]]
“‘(d) Findings of Fact. The court shall make specific findings of fact relating to each material issue of fact presented.’
“Thus, the trial court must first determine whether the petition raises ‘material issue[s] of fact or law ... which'would entitle the petitioner to relief under [Rule 32].’ Rule 32.7(d). Once a hearing is held on' those issues, the trial court is required to make findings of fact as to each of the material issues upon which the hearing was held. See Ex parte Grau, [791 So.2d 345 (Ala. 2000) ].”
Ex parte McCall, 30 So.3d 400, 403 (Ala. 2008) (emphasis added; footnote omitted).
Here,, by ordering that an eviden-tiary heainng be held on Hurst’s petition, which was, on its face, time-barred, the circuit court concluded that Hurst’s claims of equitable tolling and ineffective assistance of counsel were “material issues” to be proved by Hurst at the evidentiary hearing. See Rule 32.3, Ala. R.Crim. P. (“The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.”). Because both Hurst’s equitable-tolling claim and his ineffective-assistance-of-counsel claim were “material issues” to be proved at the evidentiary hearing, the circuit court was required to make specific findings of fact as to both claims.[3]
Because the circuit court did not make specific, written findings of fact as to Hurst’s equitable-tolling claim—a claim that was a “material issue” to be proved by Hurst at the evidentiary hearing—we remand‘this case to the circuit court for that court to make specific, written findings of fact with regard to Hurst’s equitable-tolling claim. See Rule 32.9(d), Ala. R.Crim. P. On remand, the circuit court shall take all necessary steps to ensure that the circuit clerk makes due return to this Court at the earliest possible time, and within 28 days of the date of this opinion.
REMANDED WITH- INSTRUCTIONS.
WINDOM, P.J., and KELLUM and BURKE, JJ., concur.
WELCH, J., dissents.
On Return to Third Remand**
JOINER, Judge.
The State of Alabama appeals the circuit court's decision to grant Niekro Hurst’s Rule 32, Ala. R. Crim. P., petition for postconviction relief. See' Rule 32.10, Ala. R. Crim. P. We reverse and remand.
Facts-and Procedural History
Oh March 22, 2010, Hurst was convicted of first-degree rape, see § 13A-6-61(a)(l), Ala. Code 1975, arid second-degree rape, see § 13A-6-62(a)(l), Ala. Code 1975, and was sentenced to 20 years’ imprisonment *946 and 10 years’ imprisonment, respectively. This Court affirmed Hurst’s convictions and sentences in an unpublished memorandum issued on May 20, 2011. Hurst v. State (No. CR-09-1001, May 20, 2011), 107 So.3d 229 (Ala.Crim.App.2011) (table). In that unpublished memorandum, we summarized the facts supporting Hurst’s conviction as follows:
“At trial, the State presented evidence that in November 2006, the victim, B.W., was living with her mother, younger sister, and Hurst in Ensley, Alabama. B.W. testified that she was 13 years old and in the eighth grade when her mother married Hurst and he moved in with them. Hurst was like a father figure, since her own father passed away when she was six, and they ‘did stuff as a family, a lot.’ (R. 22.) At some point, B.W.’s mother began working two jobs and was away from home more often. B.W. testified that the day after Thanksgiving in 2006, she was sitting on the couch watching TV and talking on the phone when Hurst ‘touched’ her. (R. 26.) According to B.W., Hurst, who was sitting next to her on the couch, initially reached over and touched her back. B.W. testified that this was unusual, but she didn’t really understand what was happening. Moments later, Hurst had removed her pants, moved her down to the floor, and forced himself on top of her. B.W. testified that she was crying and asking him to stop. During the incident, B.W.’s mother came halfway down the stairs and asked whether everything was okay. Hurst replied that everything was fine. B.W. testified that from her mother’s location on the stairs, she would have been unable to see what was happening. B.W. further testified that she knew Hurst had penetrated her ‘because it hurted [sic], and at the time I was a virgin.’ (R. 31.) The following day Hurst apologized and said that he didn’t mean for the situation to go that far. B.W. testified that the rapes continued until 2008, when she was a sophomore in high school. B.W. estimated that Hurst had raped her over 30 times during the 2-year period. B.W. testified that she was too afraid of Hurst to tell anyone. However, after an incident in which Hurst became upset and threatened her, B.W. wrote a note to her grandmother telling her what Hurst had done. After B.W.’s mother was notified, a police report was filed, and B.W. was taken to the Prescott House for an interview.
“B.W.’s mother, L.D.H., testified that Hurst had been responsible for B.W. and her sister while she was away at work. L.D.H. testified that she was so angry with Hurst after learning of the rapes that she ‘wanted to kill him.’ (R. 77.) L.D.H. further testified that she went looking for Hurst, but could not find him. However, L.D.H. testified she was eventually able to reach Hurst by telephone and told him that she knew about everything. At first, Hurst was silent, but- then replied that he had <‡⅝**** up.’ (R. 79.)”
After the Alabama Supreme Court denied Hurst’s petition for a writ of certiorari, this Court issued a certificate of judgment in his case on September 9, 2011.
Nearly three years later, Hurst,
“[o]n August 26, 2014, ... filed a Rule 32, Ala. R. Crim. P., petition, alleging that his trial counsel was ineffective because, he said, his trial counsel told him that, ‘if he testified[,] the prior charge of murder, which was dismissed!,] could or would be offered against him’ and that his trial counsel ‘failed to bring out the issue that the -victim was pregnant and had an abortion.’ (C. 24.) Additionally, Hurst explained that, although his petition was untimely, see Rule 32.2(c), Ala. R. Crim. P., ‘[t]his is an out of time *947 Petition for Rule 32 due to the Attorney John S. Waddell’s ... failure to complete the filing of the timely filed Rule 32.’ (C. 25.)
“To support his claim that his untimely filed petition should be excused, Hurst attached to his petition two exhibits: (1) an e-mail from an assistant clerk in the Jefferson County Circuit Court clerk’s office to John Waddell, dated June 4, 2013, indicating that [the assistant clerk] had received a Rule 32 petition filed by Waddell on Hurst’s behalf but ‘[i]n order to proceed with the in forma pauperis declaration, [she] must have an account summary for the last 12 months from [Hurst’s] facility1 (C. 28); and (2) an affidavit executed by Hurst explaining that ‘Attorney John S. Wad-dell was hired by [his] family to do a Rule 32, but Attorney Waddell did not file the Rule 32 correctly.’'(C. 27.)
“In other words, Hurst, in his petition, recognized that his Rule 32 petition was, on its face, time-barred under Rule 32.2(c), Ala. R. Crim. P., but he requested that the circuit court apply the doctrine of equitable tolling to his petition, and he submitted exhibits to support his request.
“On October 16, 2014, the State filed a motion to dismiss Hurst's Rule 32 petition, alleging, among other things, that Hurst’s petition was time-barred under Rule 32.2(c), Ala. R. Crim. P., and that Hurst’s claims of ineffective assistance of counsel were without merit.
“On October 20, 2014, the circuit court ordered that an evidentiary hearing be held on Hurst’s petition; the hearing was conducted on February 23, 2015. At the hearing, Hurst was represented by counsel and presented the testimony of only one witness—his trial counsel, William Ware. Hurst presented no testimony to support his claim that the doctrine of equitable tolling should apply to his untimely filed petition.[1]
“At the conclusion of the hearing, the circuit court granted Hurst’s Rule 32 petition stating on the record the reason it believed Hurst’s trial counsel was ineffective and, thereafter, memorialized its decision in a written order, finding:
“ ‘After hearing, the defendant’s Petition For Relief Pursuant to Rule 32 is hereby granted. A new trial is hereby ordered for May 11th 2015 at 9:00 a.m. The defendant’s prior bond is hereby reinstated.’
“(C. 15.) The circuit court did not address Hurst’s equitable-tolling claim either at the conclusion of the evidentiary hearing or in its written order granting Hurst’s petition.[2]
State v. Hurst, 223 So. 3d 941, 943-44 (Ala.Crim.App.2015).
Because Hurst had asserted the doctrine of equitable tolling in his untimely filed *948 Rule 32 petition and the circuit court held an evidentiary hearing on Hurst’s petition, and because the circuit court failed to make any specific, written findings of fact regarding the applicability of the doctrine of equitable tolling to Hurst’s petition, this Court, on October 23, 2015, issued an opinion remanding this case to the circuit court for that court to “make specific, written findings of fact as to Hurst’s equitable-tolling claim. See Rule 32.9(d), Ala. R. Crim. P.” Hurst, 220 So.3d at 945. Specifically, this Court explained:
“[B]y ordering that an evidentiary hearing be held on Hurst’s petition, which was, on its face, time-barred, the circuit court concluded that Hurst’s claims of equitable tolling and ineffective assistance of counsel were ‘material issues’ to be proved by Hurst at the evidentiary hearing. See Rule 32.3, Ala. R. Crim, P. (‘The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.’). Because both Hurst’s equitable-tolling claim and his ineffective-assistance-of-counsel claim were ‘material issues’ to be proved at the evidentiary hearing, the circuit court was required to make specific findings of fact as to both claims.”
220 So.3d at 945.
On January 7, 2016, the circuit court submitted to this Court the record on return to second remand. The circuit court, however, did not comply with this Court’s remand instructions. Specifically, the record on return to second, remand established that, although the circuit court issued an order making specific, written findings of fact as to Hurst’s equitable-tolling claim, the circuit court also conducted a second evidentiary .hearing and. allowed Hurst to present additional evidence to prove his equitable-tolling claim, which additional evidence included] testimony from both Hurst and Hurst’s grandmother.
The circuit court’s order on return to second remand provided, -in relevant part:
“[Hurst] initially requested that' the Circuit Court apply the Doctrine of Equitable Tolling to his Petition and’ in support of said Petition he submitted two (2) exhibits to support his request. After the Court reviewed the two (2) exhibits that were attached to the Peti"tion, this Court concluded that the Doctrine of Equitable Tolling was proven by a preponderance of the evidence and that [Hurst] was entitled to an out of time appeal.
’ “On November 2, 2015, this Court held an evidentiary hearing and hereby includes a transcript of said hearing and hereby incorporates the same as if fully set out herein.
“Prior to conducting the evidentiary hearing,[1]13 the Court reviewed two (2) documents regarding the issue of equitable tolling. The first was an email from the Circuit Clerk’s Office advising the attorney of record that he needed to provide certain information concerning the financial status of [Hurst] for the last six (6) months and thé other documentation was the affidavit of [Hurst] which stated that the attorney was hired to file the Petition for Rule 32 on the date that [Hurst] was taken into custody by the Court, to wit: February 27, 2012.
*949 “See pages 15-17 of the November 2, 2015, hearing for a discussion between the Court and the attorneys of record regarding the two (2) documents used to support the equitable tolling claim. The two (2) documents/exhibits are also included with the transcript of these proceedings and incorporated herein by reference as if fully set out.
■ “Because the evidence clearly indicated that Attorney Waddell was paid to file a timely Rule 32 Petition and failed to do so through no fault of [Hurst’s], the Court was and is satisfied that [Hurst] has proved by a preponderance of the evidence the facts necessary to entitle [him] to equitable relief based upon the Doctrine of Equitable Tolling.”
(Record on Return to Second Remand, C. 5-6 (emphasis added).)
Because the second evidentiary hearing—and the evidence presented at that hearing—was beyond the scope of our remand instructions, that hearing, the testimony presented at that hearing, and the circuit court’s findings based on that hearing wére void. See, e.g., Lynch v. State, 587 So.2d 306, 307 (Ala.1991) (holding that, “ ‘[o]n remand, the issues decided by the appellate court become the law of the case and the trial court’s duty is to comply with the appellate mandate “according to its true intent and meaning, as determined by the directions given by the reviewing court.” ’ Walker v. Carolina Mills Lumber Co., 441 So.2d 980 (Ala. Civ. App. 1983), citing Ex parte Alabama Power Co., 431 So.2d 151 (Ala.1983).”). Thus, on March 7, 2016, this Court again remanded this case to the circuit court for that court to make specific, written findings of fact with regard to Hurst’s equitable-tolling claim,. In doing so, we instructed the circuit court that, in making its findings of fact, it could not consider any evidence presented by Hurst at the second evidentiary hearing. The circuit court made return to this Court on April 18,2016.
The record on return to third remand demonstrates that the circuit court has complied with our instructions. Specifically, that record includes an order from the circuit court, finding, in part:
“[T]he trial court hereby finds that the untimely filed Petition for Relief pursuant to Rule 32 that was filed by'... Hurst is due to be accepted as timely filed pursuant to the Doctrine of Equitable Tolling based upon the two (2) submitted exhibits filed on behalf of ... Hurst.
“Petitioner Hurst attached to his petition two (2) exhibits: (1) an email from an assistant clerk in the Jefferson County Circuit clerk’s office to John Waddell, dated June 4th, 2013, indicating that [the assistant clerk] had received a Rule 32 petition filed by Waddell on Hurst’s behalf but ‘in order to proceed with the in forma pauperis declaration, [the assistant clerk] must have an account summary for the last twelve (12) months from Hurst’s facility’; and (2) an affidavit executed by Hurst explaining that ‘Attorney John S. Waddell did not file the Rule 32 correctly.’ Taken, together these two (2) exhibits demonstrate that Hurst’s Rule 32 petition was filed untimely due to no fault of his own.”
(Record on Return to Third Remand, C. 5-6.) We now turn to the State’s 'argument on appeal.
Discussion
On appeal, the State contends that the circuit court erred when it granted Hurst’s Rule 32 petition and ordered that Hurst receive a new trial because, the State says, Hurst’s petition was time-barred' under Rule 32.2(c), Ala. R; Crim. P, and Hurst failed to prove that he was entitled to *950 application of the doctrine of equitable tolling. [2] We agree.
Initially, we note that, in his petition, Hurst raised an ineffective-assistance-of-counsel claim, which is a “nonju-risdictional” claim that is subject to the grounds of preclusion set forth in Rule 32.2, Ala.' R. Crim. P., see, e.g., Cogman v. State, 852 So.2d 191, 192 (Ala.Crim.App.2002) (“An ineffective assistance of counsel claim is not jurisdictional; therefore, it is subject to the limitations period in Rule 32.2(c).”); that Hurst’s petition was untimely filed; that the State alleged in its motion to dismiss that Hurst’s claim was time-barred under Rule 32.2(c); and that the circuit court granted Hurst an evidentiary hearing, which provided Hurst with an opportunity to prove his claims.
When, as is this case here, a Rule 32 petitioner flies an untimely Rule 32 petition and, in that petition, alleges a nonjurisdictional claim, that petitioner must assert facts in his petition demonstrating that he is entitled to the doctrine of equitable tolling. With regard to pleading an equitable-tolling claim, the Alabama Supreme Court has explained:
“We hold that equitable tolling is available in extraordinary circumstances that are beyond the petitioner’s control and that are unavoidable even with the exercise of diligence. ... Nevertheless, ‘the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.’ United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).
“Finally, we must address the petitioner’s burden of demonstrating that he or she is entitled to the relief afforded by the doctrine of equitable tolling. Rule 32.7(d), Ala. R. Crim. P., allows the trial court to summarily dismiss a Rule 32 petition that, on its face, is precluded or fails to state a claim, and we have held that the trial court may .properly summarily dismiss such- a petition without waiting for a response to the petition from the State. Bishop v. State, 608 So.2d 345, 347-48 (Ala.1992) (‘ “Where a simple reading.of a petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.” ’). Although the Rules of Criminal Procedure initially place the burden on the State to plead any ground of preclusion, the ultimate burden is on the petitioner to disprove that a ground of preclusion applies. Rule 32.3, Ala. R. Crim. P. ⅛
“Because the limitations provision is mandatory and applies in all but the most extraordinary of circumstances, when a petition is time-barred on its face the petitioner bears the burden of demonstrating in his petition that there are such extraordinary circumstances justifying the application of the doctrine of equitable tolling. See Spitsyn v. Moore, 345 F.3d [796,] 799 [(9th Cir. 2003)] (holding that the burden is on the petitioner for the writ of habeas corpus to show that the exclusion applies and *951 that the ‘extraordinary circumstances’ alleged, rather than a lack of diligence on his part, were the proximate cause of the untimeliness); Drew v. Department of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) (‘The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.’). Thus, when a Rule 32 petition is time-barred on its face, the petition must establish entitlement to the remedy afforded by the doctrine of equitable tolling. A petition that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations provision, may be summarily dismissed without a hearing. Rule 32.7(d), Ala. R. Crim. P.”
Ex parte Ward, 46 So.3d 888, 897-98 (Ala. 2007) (emphasis added). In other words, Ward requires a Rule 32 petitioner who has filed an untimely petition to plead facts in his petition that “establish entitlement to the remedy afforded by the doctrine of equitable tolling.” If he does not, the circuit court may summarily dismiss that petition under Rule 32.7(d), Ala. R. Crim. P., without first conducting an evidentiary hearing.
If, on the other hand, a Rule 32 petitioner pleads facts demonstrating that he is entitled to the doctrine of equitable tolling and the circuit court does not summarily dismiss the petition but, instead, grants the petitioner an evidentiary hearing, we have explained that the petitioner has the following burden:
“‘When the circuit court conducts an evidentiary hearing, “[t]he burden of proof in a Rule 32 proceeding rests solely with the petitioner, not the State.” Davis v. State, 9 So.3d 514, 519 (Ala.Crim.App.2006), rev’d on other grounds, 9 So.3d 537 (Ala.2007). “[I]n a Rule 32, Ala. R. Crim. P., proceeding, the burden of proof is upon'the petitioner seeking post-conviction relief to establish his grounds for relief by a preponderance of the evidence.” Wilson v. State, 644 So.2d 1326, 1328 (Ala.Crim.App.1994). Rule 32.3, Ala. R. Crim. P., specifically provides that “[t]he petitioner shall have the burden of ... proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” “[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). “However, where there are disputed facts in a postconviction proceeding’and the circuit court resolves those disputed facts; ‘[t]he standard of review on appeal I... is whether the trial judge abused his discretion when he denied the petition.’ ” Boyd v. State, 913 So.2d 1113, 1122 (Ala.Crim.App.2003) (quoting Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992)).’
“Marshall v. State, 182 So.3d 573, 581 (Ala.Crim.App.2014). Additionally, we recognize that, although the State has ‘the burden of pleading any ground of preclusion,- ... once a ground of preclusion as been pleaded, the petitioner ... [has] the burden of disproving its existence by a preponderance of the evidence.’ Rule 32.3, Ala. R. Crim. P.”
State v. Baker, 172 So.3d 860, 865 (Ala.Crim.App.2015) (emphasis added). Thus, simply pleading facts in a Rule 32 petition that may disprove or overcome a ground of preclusion is not enough; rather, a petitioner must both plead facts and subsequently prove by a preponderance of the evidence those facts necessary to disprove or overcome a ground of preclusion.
*952 Thus, applying the requirements set forth in Ward and Rule 32.3, Ala. R. Crim. P.,, to the circumstances presented in this case, we note that Hurst would be entitled to postconviction relief only if he: (1) properly pleaded -the doctrine of equitable tolling in his Rule 32 petition; (2) subsequently disproved the State’s allegation that Rule 32.2(c) bars postconviction relief by establishing his equitable-tolling, claim by a preponderance of the evidence at an evi-dentiary hearing; and (3) proved his ineffective-assistance-of-counsel claim by a preponderance of the evidence at an evi-dentiary hearing. If Hurst failed to satisfy any of these three requirements, he is not entitled to postconviction relief.
Turning to the first requirement— that Hurst properly plead, the doctrine of equitable tolling in his petition—in his petition, Hurst recognized that his petition was untimely filed but sought tc have his untimely filing excused by alleging that the doctrine of equitable tolling should be applied to his petition. Specifically, Hurst alleged that his petition' was, “an out of time Petition for Rule. 32 due to the Attorney John S. Waddell’s ... failure to complete the filing of the timely filed Rule-32,” (C. 25.) To support his equitable-tolling claim, Hurst attached to his petition two exhibits: (1) an e-mail from an assistant clerk in the Jefferson .County Circuit Court clerk’s office to John Waddell, dated June 4, 2013, indicating that the assistant clerk had received a Rule 32 petition filed by Waddell on Hurst's behalf but- that, “[i]n order to proceed with the in forma pauperis declaration, [the assistant clerk] must have an account summary for the last 12 months from [Hurst’s] facility” (C. 28); and (2) an affidavit, executed by Hurst explaining that “Attorney John S. Waddell was hired by [his] family to do a Rule 32, but Attorney Waddell did not file the Rule 32 correctly.” (C. 27.)
Thereafter, although the State filed a motion to dismiss Hurst’s petition and alleged in its motion that Hurst’s petition was time-barred under Rule 32.2(c), the circuit court—without addressing Hurst’s equitable-tolling claim—determined that Hurst was'entitled to prove his claim of ineffective assistance of counsel at an evi-dentiary hearing. Thus, the circuit court implicitly determined that Hurst had sufficiently pleaded his equitable-tolling claim and that his petition was not subject to summary dismissal under Rule 32.7(d), Ala. R. Crim.'P. Because the circuit-court made that implicit determination and granted Hurst-an' evidentiary hearing, this Court cannot now conclude that either Hurst’s equitable-tolling claim or his iñef-fective-assistance-of-counsel claim was insufficiently pleaded.[3] See Ex parte McCall, 30 So.3d 400, 404 (Ala.2008) (“Although [finding a. petition tó be insufficiently-pleaded] may have been an appropriate basis for a summary dismissal of the petition before a hearing was held, once a hearing has been held Rule 32.9(d) requires findings of fact in support of the judgment.”). Thus, we must turn to. the second requirement—that Hurst disprove the .State’s assertion of the time-bar ,,by proving his equitable-tolling claim by a preponderance of the evidence.
*953 Here, as explained above, Hurst presented no testimony or other evidence at the evidentiary hearing to support his equitable-tolling claim; instead, Hurst presented the testimony of only one witness— his trial counsel, William Ware. Hurst did, however, attach to his petition two exhibits that, he said, demonstrate that he is entitled to the doctrine of equitable tolling— namely, an e-mail from an assistant clerk in the Jefferson Circuit clerk’s office to John Waddell and Hurst’s affidavit. According to Hurst’s affidavit, Hurst’s family hired Attorney John Waddell to “correctly” file a Rule 32 petition on Hurst’s behalf, but Waddell failed to do so. According to the e-mail from the assistant clerk to Waddell, Waddell filed a Rule 32 petition on Hurst’s behalf on or about June 4, 2013—nearly one year and nine months after this Court issued a certificate of judgment in Hurst’s direct appeal.
According to the circuit court in its order on second remand, “[tjaken together, these two (2) exhibits demonstrated that Hurst's Rule 32 petition was filed untimely due to no fault of his own.” The circuit court’s conclusion, however, is not supported by the record.
Indeed, Hurst’s two exhibits, at best, establish only that Hurst’s family hired John Waddell to file a Rule 32 petition and that Waddell did, in fact, file a Rule 32 petition on or before June 4, 2013. Although Hurst contends that Waddell did not file Hurst’s Rule 32 petition “correctly,” this vague statement does not demonstrate that there existed any “extraordinary circumstance.” Additionally, Hurst’s exhibits omit at least one critical fact: The date on which Hurst’s family hired Wad-dell to file a Rule 32 petition. Without proving that his family hired Waddell before the one-year limitations period in Rule 32.2(c) had lapsed, under the circumstances of this case, Hurst cannot demonstrate that he would be entitled to the doctrine of equitable tolling. Thus, the circuit court erred when it concluded that Hurst was entitled to the doctrine of equitable tolling.
Because, in this case, the State alleged that Hurst’s petition was time-barred under Rule 32.2(c) and Hurst did not subsequently disprove that ground of preclusion at the evidentiary hearing, and “[bjecause application of a properly asserted ground of preclusion is mandatory if not waived by the State and not subsequently disproved by the petitioner by a preponderance of the evidence,” Baker, 172 So.3d at 867, the circuit court erred when it did not deny Hurst’s petition as time-barred under Rule 32.2(c), Ala. R. Crim. P.
Accordingly, we reverse the judgment of the circuit court granting Hurst’s Rule 32 petition for postconviction relief and remand this case to the circuit court for that court to.enter an order denying Hurst’s petition as time-barred under Rule 32.2(c), Ala. R. Crim. P., and to reinstate Hurst’s convictions and sentences.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH and BURKE, JJ„ concur. KELLUM, J., not sitting.

 Note from the reporter of decisions: On August 20, 2015, the Court of Criminal Appeals remanded this case by order.

. Although Hurst did not present any testimony to support his assertion of the doctrine of equitable tolling, as stated above, Hurst attached to his Rule 32 petition two exhibits to support his assertion of the doctrine of equitable tolling, which may be used by the circuit court as evidence in lieu of testimony.. See Rule 32.9(a), Ala. R.Crim. P.

. This Court, on August 20, 2015, remanded this case to the circuit court for that court to make specific, written findings of fact as to whether, before the circuit court ruled on Hurst’s petition, it granted a request to proceed in forma pauperis or Hurst paid the required filing fee. See Whitson v. State, 891 So.2d 421, 422 (Ala.Crim.App.2004) ("[Alb-sent the payment of a filing fee or the grant of a request to proceed in forma pauperis, [a] circuit court does not obtain jurisdiction over [a] postconviction petition.”). The circuit court complied with our instructions and issued an order finding that Hurst "did in fact pay the required filing fee of two hundred and six (206.00) dollars to the Circuit Clerk of Jefferson-County.” (Record on Return to Remand, C. 7.)

. This is not a situation where the granting of relief as to one claim renders moot Hurst's remaining claims. Rather, here, because Hurst’s petition was, on its face, time-barred and the’State did not waive the affirmative defense under Rule 32.2(c), Ala. R.Crim, P, the circuit court could not logically reach Hurst's ineffective-assistance-of-counsel claim without first determining whether Hurst was entitled to equitable tolling.

 Note from the reporter' of decisions: On . March 7, 2016, the Court of Criminal Appeals remanded this case by order,

''1Although Hurst did not present any testimony to support his assertion of the doctrine of equitable tolling, as stated above, Hurst attached to his Rule 32 petition two exhibits to support his assertion of the doctrine of equitable tolling, which may be used by the circuit court as evidence in lieu of testimony. See Rule 32.9(a), Ala. R. Crim. P.

"2This Court, on August 20, 2015, remanded this case to the circuit court for that court to make specific, written findings of fact as to whether, before the circuit court ruled on Hurst’s petition,' it granted a request to proceed in forma pauperis or Hurst paid the required filing fee. See Whitson v. State, 891 So. 2d 421, 422 (Ala.Crim.App.2004) (‘[Absent the payment of a filing fee or the grant of a request to proceed in forma pauperis, [a] circuit court does not obtain jurisdiction over [a] postconviction petition.’). The circuit court complied with our instructions and issued an order finding that Hurst ‘did in fact pay the required filing fee of two hundred and six (206.00) dollars to the Circuit Clerk of Jefferson County.’ (Record on Return to Remand, C. 7.)”

. It is unclear whether this reference is to the original evidentiary hearing conducted in this case or the second evidentiary hearing conducted on remand..

. The State, in its brief on appeal, alternatively contends that the circuit court erred when it granted Hurst's Rule 32 petition because, the State says, Hurst failed to meet his burden of proving his ineffective-assistance-of-counsel claim. Because, as explained below, we hold that the circuit court erred when it concluded that Hurst proved that he was entitled to application of the doctrine of equitable tolling to excuse his untimely filing, it is unnecessary for this Court to address the propriety of the circuit court's decision to grant Hurst’s claim of ineffective assistance of counsel. Thus, we express no opinion with regard to that claim.

. As explained more thoroughly below, neither Hurst’s petition nor the exhibits he 'attached to that petition sufficiently demonstrated that .there were any “extraordinary circumstances that [were] beyond [Hurst's] control and that [were] unavoidable even with the exercise of diligence” that would justify excusing his untimely filing. In other words, if this Court were not constrained by the Alabama Supreme Court’s decision in Ex parte McCall, 30 So.3d 400 (Ala.2008), we would conclude that Hurst failed to sufficiently plead facts that would trigger the "very high” "threshold necessary to trigger equitable tolling.”